### SAMUEL F. GIBSON *vs.* NORWAY SAVINGS BANK.

### Oxford. Opinion October 10, 1879.

*Real action. Pleading. Possession prima facie evidence of title. Evidence. Deed,—acknowledgment of. Ratification.*

In a writ of entry, the plea of general issue admits the defendant to be in possession of the premises described in the declaration.

Possession being *prima facie* evidence of title, the plaintiff must prove a better one or he cannot recover.

Where, in the trial of a writ of entry, the defendant claims title under a mortgage, its execution, delivery and acceptance, at its date, are *prima facie* established by its being found in the mortgagee's possession and introduced in evidence without objection.

Where the description of the premises in the mortgage is an exact transcript of that in the deed under which both parties claim the premises are *prima facie* identical.

Whether the treasurer of a savings bank may take the acknowledgment of a grantor's deed to the bank, *quære.*

In a real action against a savings bank the setting up in defense of a mortgage of the demanded premises is a ratification of the loaning of the money secured by the mortgage and of the acceptance of the mortgage.

ON REPORT.

WRIT OF ENTRY to recover possession of a certain messuage in Bethel : " Beginning at a point on the southerly side of the county road leading from the depot in said Bethel to Bethel common, twenty-five and one-half feet westerly from the westerly side of the two-story house thereon situated, and on a line parallel with the westerly side thereof," thence certain courses and distances to the first mentioned bound.

The plaintiff relied upon a deed of warranty from Samuel S. Dunn to Charles P. Knight, dated February 9, 1869, duly acknowledged and recorded, in which the premises were described the same as in the declaration, with the exception of the word " parallel." Deed of assignment from John W. May, register in bankruptcy, to Charles E. Holt, assignee of Charles P. Knight, a bankrupt, duly acknowledged and recorded. Quitclaim deed from Charles E. Holt, assignee of Charles P. Knight, dated October 9, 1875, duly acknowledged and recorded ; in which the releasor quitclaimed all his " right, title and interest in and to a certain

piece or parcel of land, with the buildings thereon, situated in Bethel aforesaid, to wit: on the corner of Main and Spring streets, in the village of Bethel Hill, and being the same premises the said Knight now occupies,—my interest being the equity of redemption in said premises as deeded to me April 1, A. D. 1875, by the U. S. district court of Maine, and being the same I sold October 2, 1875, by order of said court, at public auction, to the highest bidder for the sum of three hundred and two dollars, and to said Samuel F. Gibson." The certificate of the clerk of district court of the United States for the district of Maine, by which it appeared that Charles P. Knight was adjudged a bankrupt, upon the petition of his creditors, on February 4, 1875.

The defendant relied for title upon a mortgage deed from Charles P. Knight to the Norway savings bank, dated November 2, 1874, and which purported to be acknowledged November 2, 1874, " before Henry M. Bearce, justice of the peace," and recorded in the Oxford registry of deeds November 3, 1874.

The description of the premises in the mortgage is a transcript of that in the deed of Dunn to Knight, together with the following clause: " Being the same premises conveyed to me by Samuel S. Dunn, deed dated February 9, 1869, and recorded with Oxford records, book 154, page 84, reference to said deed and the record thereof being hereby made."

It was admitted that the savings bank advanced the amount of money ($1,500) mentioned in the mortgage, to Knight, in good faith, at the date of the mortgage, without knowledge that Knight was in failing circumstances; that the conditions of the mortgage have never been fulfilled; and that this was the only mortgage on the premises.

The view taken by the court renders report of foreclosure unnecessary.

The court were to render such judgment as the legal rights of the parties demand.

*S. F. Gibson, pro se.*

Plaintiff and defendant rely upon title derived from the same grantor. Which has the better title? R. S., c. 104, § 8.

If the defendant goes to trial upon the general issue, he admits that the demandant has been ousted by him, and that he is tenant of the freehold from which demandant was ousted. 8 Cranch, 243. 5 Mass. 352. 13 Mass. 259, 443. *Mills* v. *Pierce*, 2 N. H. 10. Stearns R. Act. 205, § 22.

It nowhere appears that the corporation defendant authorized any one to act for them in loaning the money and accepting the mortgage. *Dwinal* v. *Holmes*, 33 Maine, 172, 452. *Randall* v. *Lunt*, 51 Maine, 246.

Nobody but the trustees could loan the money. Sect. 4 of the charter.

The proceedings for foreclosure are signed by Henry M. Bearce, treasurer. Being treasurer, he could not take the acknowledgment of Knight's mortgage to the bank. *Beaman* v. *Whitney*, 20 Maine, 413. The acknowledgment not being legal, the plaintiff is not chargeable with the constructive notice of the registry.

The Knight mortgage does not cover premises described in declaration. The starting places are different, and the Knight mortgage covers only a part of the premises demanded.

On construction of deeds, plaintiff cited *Chadbourn* v. *Mason*, 48 Maine, 389. 27 Maine, 405. 34 Maine, 305. 29 Maine, 169· 2 Saund. 401, note 21. *Vose* v. *Handy*, 2 Greenl. 322. *Wing* v. *Burgess*, 13 Maine, 111. 54 Maine, 301. 7 Pick. 276. 46 Maine, 374.

*H. M. Bearce*, for the defendants.

VIRGIN, J. This is a real action brought to recover possession of certain land, which, by the express stipulation of the parties, as well as by the plea of general issue, is admitted to be in the possession of the defendant. The main question, therefore, is which party, upon the facts agreed and the testimony introduced, has the better title. *Marshall* v. *Wing*, 50 Maine, 62. *Chaplin* v. *Barker*, 53 Maine, 275. And the defendants' possession being *prima facie* evidence of title in him, the plaintiff must show a better one, or he cannot recover. *Tibbetts* v. *Estes*, 52 Maine, 566.

Both parties derive their respective titles from one Dunn, who .

it is admitted owned the title, and who, by his deed of warranty of February 9, 1869, duly acknowledged and recorded, conveyed it to one Knight.

The plaintiff claims under a deed of quitclaim of October 9, 1875, from C. E. Holt, as assignee in bankruptcy of Knight, who was duly adjudged bankrupt February 24, 1875.

The defendants claim under a mortgage from Knight to them, dated November 2, 1874. The defendants having advanced to Knight in good faith, at the time of the execution of the mortgage, the sum of $1,500 mentioned therein as the consideration thereof, the mortgage is not affected by Knight's bankruptcy, if it is otherwise valid and duly recorded. U. S. Stat., § 5052. And if otherwise valid and duly recorded, then the defendants have the elder and consequently the better title, provided the mortgage covers the premises.

I. Identity of the premises. Both parties claim under Dunn's deed to Knight. And the description of the premises in the mortgage being an exact transcript of the description in the deed of Dunn to Knight makes them *prima facie* identical (*Rand* v. *Skillin*, 63 Maine, 103) ; and if any other evidence was necessary, it is found in the express reference made in the mortgage to the Dunn deed and its record. The plaintiff can claim no other land than that described therein, as the case finds that both parties claim under that, and there is no pretense that he has any other source of title.

II. Execution, delivery and acceptance of the mortgage are *prima facie* established by the facts that it was found in possession of the defendants and was introduced in evidence without objection. These facts, in the absence of any evidence to the contrary, prove the execution, delivery and acceptance of the mortgage at the time of its date. *Cutts* v. *York Manf'g Co.*, 18 Maine, 190. 3 Wash. R. Prop. 263, and notes.

III. The plaintiff's positions in relation to the loaning of the money and the taking of the mortgage are not tenable. Sect. 4 of the charter has express reference to deeds, etc., made in behalf of the bank as grantor, and is not applicable to conveyances to the bank as grantee. And, even if the original loaning of the money and the taking of the mortgage as security therefor were

not sufficiently previously authorized, the setting up the mortgage as a defense in this action is ample evidence of ratification on the part of the bank. *Cutts* v. *York Manf'g Co., supra.*

IV. Acknowledgment and registration. Unless the deed is recorded no conveyance in fee is effectual against any person except the grantee, his heirs and devisees and persons having actual notice thereof. R. S., c. 73, § 8. The deed must be acknowledged before a justice of the peace, unless the grantor dies, or departs from the state without acknowledging it, or refuses to acknowledge it; in which exceptional cases its execution may be proved as provided in R. S., c. 73, §§ 18–22. And it cannot be recorded in the registry of deeds unless a certificate of acknowledgment, or proof of execution in the exceptional cases mentioned, is indorsed on or annexed to the deed. R. S., c. 73, § 22.

The object of the acknowledgment of a deed being to give such authenticity to its execution as to entitle it to registration, and that of registration to give notice of the title, neither is required as between the immediate parties thereto (who must necessarily be conusant of their own acts) and all others having actual notice of its existence. Acknowledgment gives no efficacy to the deed, but immediately upon its due execution and delivery the estate therein described passes to the grantee and does not remain in the grantor until acknowledgment and registration. *Pidge* v. *Tyler,* 4 Mass. 541, 546. *Marshall* v. *Fish,* 6 Mass. 24. *Montgomery* v. *Dorion,* 6 N. H. 250. *Brown* v. *Manter,* 22 N. H. 468. If there were no other ground by which to prevent the defendants from losing the benefit of their mortgage given to secure the sum of $1,500 advanced in good faith to a party who purchased only the right to redeem that mortgage, we should not look in vain into the admitted facts and other testimony in this case for evidence that the plaintiff had actual notice of the existence of the mortgage before he purchased of the assignee. But we have no occasion to express any opinion on this point.

It is urged that the plaintiff is not chargeable with the constructive notice derivable from a legally registered mortgage, for the alleged reason that the certifying justice, at the date of the acknowledgment, was treasurer of the bank. To be sure a grantee cannot lawfully take the acknowledgment of his grantor.

*Beaman* v. *Whitney*, 20 Maine, 413. But the statute does not in terms require an acknowledgment to be made before a disinterested justice of the peace. And the authorities concur in declaring the act purely ministerial and in nowise judicial. Hence relationship is no objection. *Lynch* v. *Livingston*, 6 N. Y. 422. But without passing upon the question whether an officer of a corporation may take the acknowledgment of its grantor, but assuming that the legal conclusion contended for will follow, the objection cannot avail the plaintiff, for the reason that there is no evidence that the justice was treasurer at the date of his certificate. We therefore perceive no legal objection to the mortgage or its registration.

Neither need we consider the numerous objections raised against the foreclosure of the mortgage. If the mortgagee were plaintiff seeking to recover judgment on his mortgage, we might find it necessary to pass upon the legality of the foreclosure in order to ascertain whether the judgment should be conditional or otherwise ; but being defendant, only one kind of judgment is involved.

Finally, it is contended that the land described in the mortgage does not cover all that is described in the plaintiff's declaration ; and the chalk appended to the plaintiff's written argument would seem to show a different starting point ; and of course two descriptions starting from different points and following thence the same distances and courses cannot include exactly the same land. But this chalk and survey were never put into the case ; and even if they were, and the difference were palpable from the language used in the two descriptions, still the plaintiff cannot prevail. For, as before stated, the express admission of the parties and the plea of general issue both declare that the defendant is in possession of the premises demanded claiming title ; and unless the plaintiff has shown a better title, he cannot oust the defendant, for he must rely upon the strength of his own title and not upon the weakness of the defendants'.

*Judgment for defendants.*

APPLETON, C, J., WALTON, PETERS, LIBBEY and SYMONDS, JJ., concurred.