## Daniel P. Seibert v. Thomas Grace.
## Gen. No. 13,327.

1. DELIVERY—*when acceptance of, will be presumed. Held,* under the facts of this case, that acceptance of delivery of a lease will be inferred.

2. LANDLORD AND TENANT—*what instrument constitutes lease.* The words "agree to let" mean exactly the same as the word "let," and unless there is something in the instrument in which they are employed to show that a present demise is not in contemplation, such instrument will be construed as a lease.

3. LANDLORD AND TENANT—*power of executor with respect to lease.* The executor of a lessee has no authority to surrender a term and take another lease in his own name; where after the death of the lessee the executor takes possession of the demised premises and pays the rent, he is deemed to have held such possession under the lease as executor *de son tort.* Payments of rent made by him imply no new letting.

FREEMAN, J., dissenting.

Forcible entry and detainer. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed. Opinion filed January 14, 1908.

**Statement by the Court.** This is an appeal by the defendant from a judgment in forcible detainer for the possession of the store room 1259 Garfield boulevard, Chicago. The suit was begun before a justice of the peace, taken to the Circuit Court by appeal and there tried by the court without a jury.

In March, 1904, Walter G. Seibert purchased of one Krauthoff a drug store then in said store room, and took possession thereof. A short time afterwards plaintiff executed the following written instrument, designated in the bill of exceptions as "Defendant's Exhibit A."

"I, Thomas Grace, agree to rent to Walter G. Seibert, my store room, No. 1259 W. Garfield boulevard, for five years from the 1st day of May, 1904, the first year at $55.00 per month, the next four years at $60.00

per month, with the privilege of three years more at not over $70.00 per month.

I also agree. to pay all water taxes and plate glass insurance, except for. faucet for fountain, and to heat building with steam.

THOMAS GRACE.''

The evidence shows that this instrument was written by defendant, the brother of Walter G. Seibert, in the presence of plaintiff and Walter G. Seibert; that it was then signed by plaintiff at the request of Walter G. Seibert and handed to defendant. Walter G. Seibert carried on said drug store in said store room until April 7, 1904, when he was killed. Defendant continued to keep said drug store after his brother's death and sell the goods left therein by Walter G. Seibert at his death. He paid to plaintiff from May 1, 1904, to May 1, 1905, rent at $55 per month, and the plaintiff accepted the same. May 15, 1905, he handed plaintiff a check for $55 for the May rent and plaintiff said that was not right, that according to the lease the rent was $60 per month for the second year. Defendant then gave plaintiff $5 in currency and also paid plaintiff $3 for the water tax for the faucet at the soda fountain, and said to plaintiff: "Then I guess you have decided that the old lease is all right," and plaintiff said, "Why, of course, it is." From that time until March 1, 1906, defendant paid plaintiff rent at $60 per month. March 1, 1906, plaintiff gave defendant a notice in writing that his tenancy of said store room would terminate March 31, 1906. It was conceded that all rent due by the term of said written instrument up to the time of the giving of said notice was paid, and that installments thereafter falling due were tendered.

WICKETT, MEIER & BOOTH, for appellant; D. S. WEGG, of counsel.

ALEXANDER SULLIVAN and FRANK L. KRIETE, for appellee.

Seibert v. Grace.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

From the fact that the written instrument, "Ex. A," was executed by plaintiff at the request of Walter G. Seibert and delivered to defendant by plaintiff in the presence of Walter G. Seibert, the acceptance of the instrument by Walter G. Seibert may be inferred. 1 Taylor Land. and Ten. sec. 167.

In Rigdon v. Conley, 141 Ill. 565, it was held that where an instrument in writing purporting to be a contract between two parties is executed by one party and delivered to the other and accepted by him as the contract between the two contracting parties, it is binding on both, though not executed by the party to whom it is delivered and by whom it is so accepted.

We think that under the evidence in this case said instrument must be regarded as binding upon Walter G. Seibert and giving the same effect as would be given to it if he had accepted it in writing. The question whether said instrument is a lease or only an agreement for a lease depends upon the intention of the parties to be collected from the whole instrument. The form of expression, "I agree to let or rent or lease," is far from decisive upon this question. The words, "agree to let" have been held to mean exactly the same thing as the word "let" unless there is something in the instrument to show that a present demise could not have been in the contemplation of the parties. Doe v. Benjamin, 9 Ad. & Ell., 644. The test seems to be that if the instrument leaves nothing incomplete and there is nothing in it to show that another or more formal document was contemplated it operates as a present demise. 1 Taylor Land. & Ten., secs. 37, 38, 39; Kabbley v. Worcester Gas Co., 102 Mass. 329.

The majority of the court are of the opinion that the instrument in question is a lease and not an agreement for a lease. It creates a term beginning May 1, 1904, for a definite term at a definite rental. It pro-

vides for the payment of the water taxes and for the heating of the building. It leaves nothing incomplete, nor is there anything in the instrument to show that another or more formal instrument was contemplated.

It is no objection that the term was to commence *in futuro*. "It is a familiar rule that a lease may create a term to commence *in futuro*." Weed v. Crocker, 13 Gray 219.

The contention of appellee in substance is, that from the payment of rent monthly by defendant to plaintiff a letting for month to month is implied, and that such tenancy was terminated by the thirty days' notice given to defendant by plaintiff. The original letting in this case was, as we have held, by lease in writing for a term of five years from March 1, 1904, at a rental of $55 per month for the first year and $60 per month the next four years. From the payment of rent monthly a letting from month to month will not be implied where the letting was for a longer term upon monthly payments. McKinney v. Peck, 28 Ill. 174. A letting from month to month cannot therefore be implied from the payment of rent monthly in this case, unless in some manner the written lease had been canceled or the term thereby created determined.

The defendant carried on the business in which Walter G. Seibert was engaged at the time of his death, and thereby became his executor *de son tort*. 11 En. & Am. Encyc. of Law, 1346; Keith v. Perks, 4 New Bruns. 552. He was liable to the plaintiff as such executor *de son tort* as the executor *de jure* of Walter G. Seibert would have been liable for the rent reserved in the lease to the extent of the assets that came into his hands. He became liable to the plaintiff personally for such rent by taking possession of the demised premises, as an executor *de jure* of Walter G. Seibert would have become liable personally by such taking possession. He as such executor *de son tort* was subject to all the liabilities and disabilities of an executor.

No act of his could lawfully change the right of Walter G. Seibert's estate to the lease granted him by plaintiff. By the death of Walter G. Seibert the leasehold interest thereby created became part of his personal estate. An executor cannot surrender a term and take another lease in his own name. Keating v. Condon, 68 Pa. S. 75.

In this case there was no surrender by the defendant nor new lease taken by him. He took possession of the demised premises, but the lease thereof to Walter G. Seibert was in full force and he must be held to have taken possession under the lease as executor *de son tort*. He paid rent from month to month for twenty-two months, but he paid the precise amount of rent reserved by the lease. He was liable as executor *de son tort* to the plaintiff for the rent so paid, and such payments must, under the evidence, be held payments by him as executor *de son tort* of the rent reserved in the lease. From such payments no new letting by the plaintiff to him from month to month can be implied.

The conclusion reached by the majority of the court from the evidence in this record is that said lease from plaintiff to Walter G. Seibert was in force when this suit was brought, and the term thereby created outstanding and undetermined, and that the plaintiff was not then entitled to the possession of the premises in said lease and in the complaint herein described.

The judgment of the Circuit Court will therefore be reversed with a finding of facts, but the cause will not be remanded.

*Reversed with finding of facts.*

Mr. Justice FREEMAN, dissenting.