[Civ. No. 5213. First Appellate District, Division One.—February 24, 1926.]

FRED R. WILLIAMS, Appellant, v. ISAAC BELLING, Respondent.

[1.] CONTRACTS—LEASE AND MORTGAGE—CONCURRENT EXECUTION—OBJECTION TO MORTGAGE.—Where a mortgage recites its concurrent execution with a lease for the purpose of securing the rents to become due thereunder and the further purpose of securing the performance of the terms and conditions of the lease, those instruments constitute one contract; and a valid objection to the mortgage is in effect an objection to the lease within the terms of a memorandum of sale of the leased property which refers to

1. See 17 Cal. Jur. 988.

"a lease . . . secured by a chattel mortgage" and provides that such agreement shall not be binding upon the buyer until he has inspected and approved the lease.

[2] ID.—EXECUTION AND DELIVERY—DATE—PRESUMPTION—FUTURE TERM.—It is to be presumed—although the presumptions are disputable—that such lease and mortgage were truly dated, and were executed and delivered on the day they bear date; and the fact that the term was to commence on a future date did not prevent the lease from operating as a present conveyance.

[3] ID.—CHATTEL MORTGAGE—IMMEDIATE RECORDATION.—The recordation of a chattel mortgage is designed as a substitute for and the equivalent of the immediate delivery and continued change of possession, and recordation should be had immediately or as soon thereafter as practical upon the execution thereof in order to give notice to and bind third parties.

[4] ID.—RECORDATION—DELAY—INTERVENING CREDITORS.—While a delay of fourteen days in the recordation of a chattel mortgage will not affect its validity as between the parties, it will, if not shown to be excusable, render the mortgage void as to creditors and encumbrancers whose claims are created during the interval.

[5] ID.—SATISFACTORY TITLE—EXTRINSIC EVIDENCE.—A condition that the title to real estate, which is the subject of any agreement to convey, shall be satisfactory to the vendee is complied with by the tender of a title to which there is no reasonable objection, but such title should be fairly deducible from the record without reference to extrinsic evidence, and the vendee cannot be required to accept that which he cannot by the record show to be valid if attacked.

[6] ID.—DELAY IN RECORDING CHATTEL MORTGAGE—REASONABLE APPREHENSION OF INVALIDITY.—Where a memorandum of sale of leased property refers to "a lease . . . secured by a chattel mortgage," and provides, in effect, that such agreement shall not be binding upon the buyer until he has inspected and approved the lease and mortgage, the fact that a period of about fourteen days elapses between the delivery and the recordation of the mortgage reasonably creates an apprehension of the necessity for supporting the validity of the mortgage by proof not shown by the public records and dependent upon extrinsic evidence.

[7] ID.—VALID LIEN—BURDEN OF PROOF.—In an action against said buyer to recover an agreed real estate broker's commission and for special damages because of his refusal to approve the lease and

2.  See 10 Cal. Jur. 775; 15 Cal. Jur. 620.
3.  See 5 Cal. Jur. 56, 59; 5 R. C. L. 411.
4.  See 5 Cal. Jur. 59, 5 R. C. L. 411,
5.  See 25 Cal. Jur. 627.

complete the transaction, if it be assumed that he would be obliged to accept the mortgage shown by the public records to be reasonably subject to objection, but which in fact creates a valid lien, the burden of proving that fact rests upon plaintiff.

[8] ID.—OBJECTIONS TO LEASE—CONDITIONAL AGREEMENT TO BUY.—It is competent for the parties to a sale or exchange of real property to agree that no obligation to proceed shall accrue if the lease of the property, of which a chattel mortgage securing same is a material part, shall be found reasonably subject to objections as to its sufficiency.

[9] ID.—REASONABLE DISAPPROVAL—INTENT OF PARTIES.—A provision in a memorandum of sale of real property which refers to the existence of "a lease . . . secured by a chattel mortgage" and provides that the agreement shall not be binding upon the buyer until he has inspected and approved the lease, justifies the conclusion that it was the intention of the parties that, upon the disapproval of the mortgage in good faith, reasonable grounds of objection to its sufficiency appearing, no obligation on the part of the buyer should arise.

[10] ID.—REASONABLE JUSTIFICATION — GOOD FAITH — FINDINGS—EVIDENCE.—In this action against said buyer to recover an agreed real estate broker's commission and for special damages because of his refusal to approve the lease and complete the transaction, the evidence was sufficient to support the finding of the trial court that the refusal to accept the lease and mortgage was in good faith and reasonably justified.

---

(1) 13 **C. J.,** p. 528, n. 50, p. 530, n. 66; 36 **C. J.,** p. 307, n. 94 New.    (2) 11 **C. J.,** p. 477, n. 59, 60, p. 489, n. 45; 22 **C. J.,** p. 105, n. 28, p. 106, n. 41; 35 **C. J.,** p. 1199, n. 24; 36 **C. J.,** p. 307, n. 94 New.    (3) 11 **C. J.,** p. 509, n. 55, p. 531, n. 65.    (4) 11 **C. J.,** p. 532, n. 80, 82.    (5) 39 **Cyc.,** p. 1458, n. 59, 61, p. 1509, n. 15, 16. (6) 23 **C. J.,** p. 220, n. 64 New.    (7) 9 **C. J.,** p. 644, n. 91, p. 645, n. 96.    (8) 13 **C. J.,** p. 564, n. 77, p. 565, n. 78; 23 **C. J.,** p. 220, n. 64 New; 39 **Cyc.,** p. 1509, n. 15.    (9) 23 **C. J.,** p. 220, n. 64 New. (10) 9 **C. J.,** p. 655, n. 43.

APPEAL from a judgment of the Superior Court of Alameda County. Dudley Kinsell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Grant & Zimdars and Frank G. Warren for Appellant.

Roscoe D. Jones and Isidoro A. Cereghino for Respondent.

CASHIN, J.—An appeal from a judgment denying the right of appellant to recover commissions and special damages.

Respondent, who was the owner of certain real property in the city of Stockton, signed and delivered to appellant, a real estate broker, a memorandum in writing in terms authorizing the latter to effect an exchange thereof for property of like character in the city of Oakland. Both properties were described in the memorandum, which further provided for the payment to appellant of a commission in the sum of $1,000.

The major portion of the building upon the Oakland property was then being used for hotel purposes, the lower floor thereof being divided into two storerooms. The memorandum contained the following provisions, the effect of which is here in question: "It is hereby understood and agreed that there exists a lease on said hotel extending over a period of seven (7) years from July, 1922, for a monthly rental of $700, secured by a chattel mortgage on furniture. . . . This agreement shall not be binding upon the undersigned until he has inspected and approved said leases"—the leases referred to being that of the hotel, a lease of one of the storerooms then in force, and a lease to be procured of the other storeroom mentioned. It was further stipulated therein that appellant should complete the exchange within thirty days from its date.

It appears from the evidence that appellant thereafter procured from one R. D. Cashatt, who held a contract for the purchase of the Oakland property, an agreement in writing authorizing the former to effect an exchange thereof for that owned by respondent, and providing for the payment of a commission for the service in the sum of $6,000, it being alleged that the agreement to pay the latter commission had been made before the delivery of the memorandum by respondent and that the latter had knowledge thereof. Appellant's claim for special damages was based upon the loss of this commission.

It appears that the lease of the hotel, with the chattel mortgage securing payment of the rents as therein provided, was submitted by respondent to his attorney, on whose advice he refused to approve or accept the mortgage and the

lease upon the ground of the invalidity of the mortgage as against the creditors, if any, of the mortgagors.

The trial court found that the refusal to approve was in good faith and, without expressly finding the mortgage to be invalid, found that the memorandum was signed and delivered to appellant in reliance upon his representations that the mortgage was good and sufficient and in proper legal form; that, although such representations were not made for the purpose of deceiving or misleading respondent, they were not warranted by the information possessed by appellant, were false and fraudulent and were believed by respondent, who was thereby induced to sign and deliver the instrument; that such delivery was made and accepted upon the condition and express understanding that, if the leases were unsatisfactory to the latter, they should in nowise be bound thereby; that at the time of the delivery of the memorandum he had no knowledge of any agreement by Cashatt to pay a commission to appellant; that he had not failed to perform or repudiated the agreement as alleged, and that appellant had not performed.

It is contended by appellant that there existed no valid objection to the sufficiency of the mortgage, and that respondent was legally bound to be satisfied therewith; and, by the latter, that the period which elapsed between the presumptive date of the instrument and its recordation rendered it invalid as to creditors of the mortgagors and justified his refusal to approve.

The lease mentioned was not introduced in evidence. The mortgage bears date January 23, 1922, which was also the date of the acknowledgment of the mortgagors and of their affidavits attached thereto. The affidavit of the mortgagee named therein was dated January 31, 1922, and the instrument recorded February 6, 1922. Therein was recited its concurrent execution with the lease for the purpose of securing the payment of the rents to become due thereunder aggregating the sum of $63,000, payable in installments of $700 each on the first day of each month of the term commencing on February 1, 1922, and the further purpose of securing performance by the mortgagors of each and every term, covenant, agreement, and condition in favor of the mortgagee, including the mortgagors' agreement to perform the conditions and terms of the lease.

[1] These instruments constituted one contract (Civ. Code, sec. 1642), and a valid objection to the mortgage was in effect an objection to the lease within the terms of the memorandum. It was assumed by the parties to the action that both were delivered, and no evidence as to the fact or time of such delivery was offered at the trial. It may be reasonably inferred from the recitals and provisions of the mortgage that the mortgagors were the lessees named in the lease and had agreed to pay the rent therein reserved.

[2] It is to be presumed—although the presumptions are disputable—that the instruments were truly dated (sec. 1963, subd. 23, Code Civ. Proc.), and were executed and delivered on the day they bear date (22 Cor. Jur. 105, 106; 11 Cor. Jur. 488, 489; Chamberlayne on Evidence, sec. 1055; Wigmore on Evidence, sec. 2520; *Lauder* v. *Peoria Agricultural etc. Soc.*, 71 Ill. App. 475; *Gibson* v. *Norway Sav. Bank*, 69 Me. 579). The fact that the term was to commence on a future date, to wit, February 1, 1922, did not prevent the lease from operating as a present demise (35 Cor. Jur. 1198, 1199; *Seibert* v. *Grace*, 138 Ill. App. 361); and it may fairly be inferred from the circumstances mentioned and the recitals of the mortgage that it was the intention of the parties that the latter instrument should take immediate effect as security for the performance of the promise to pay the rent, including the installment to become due on the first day of the term.

[3] By section 2957 of the Civil Code it is provided that a mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value unless it is acknowledged or proved, certified, and recorded in like manner as grants of real property; and in *Ruggles* v. *Cannedy*, 127 Cal. 290 [46 L. R. A. 371, 53 Pac. 911, 59 Pac. 827], it is held that the recordation of a chattel mortgage, having been designed by the statute as a substitute for and the equivalent of the immediate delivery and continued change of possession formerly required in this state, should be had immediately or as soon thereafter as practical upon the execution thereof in order to give notice to and bind third parties.

[4] In the instant case it might fairly have been inferred that fourteen days had elapsed between the delivery of the

mortgage and its recordation. Such delay, although not affecting its validity between the parties (*Summerville* v. *Kelliher,* 144 Cal. 155 [77 Pac. 889]), would, if not shown to be excusable, render the mortgage void as to creditors and encumbrancers whose claims were created during the interval (*Ruggles* v. *Cannedy, supra; Old Settlers' Investment Co.* v. *White,* 158 Cal. 236 [110 Pac. 922]; Civ. Code, sec. 2957; *In re Hansen,* 268 Fed. 904).

[5] A condition that the title to real estate, which is the subject to an agreement to convey, shall be satisfactory to the vendee is complied with by the tender of a title to which there is no reasonable objection (*Winter* v. *Stock,* 29 Cal. 408 [89 Am. Dec. 57]; *Dillinger* v. *Ogden,* 244 Pa. 20 [Ann. Cas. 1915C, 533, 90 Atl. 446]). It is the rule that such title should be fairly deducible from the record without reference to extrinsic evidence, and that the vendee cannot be required to accept that which he cannot by the record show to be valid if attacked (*Crim* v. *Umbsen,* 155 Cal. 697 [132 Am. St. Rep. 127, 103 Pac. 178;] *Benson* v. *Shotwell,* 87 Cal. 49 [25 Pac. 249]).

[6] The above rules apply in principle to the instant case, in which the facts reasonably created an apprehension of the necessity for supporting the validity of the mortgage by proof not shown by the public records and dependent upon extrinsic evidence.

[7] Whether there were creditors of the mortgagors in a position to attack the mortgage does not appear from the record; but if it be assumed that respondent would be obliged to accept a mortgage shown by the public records to be reasonably subject to objection but which in fact created a valid lien, the burden of proving the fact rested upon appellant (*Simmons* v. *Zimmerman,* 144 Cal. 256 (1 Ann. Cas. 850, 79 Pac. 451]).

An offer was made by the latter to procure the execution to respondent of a new mortgage upon the same property for the same purpose and, presumably, though the record does not show the fact, by the same mortgagors, which offer was not accepted for the reason, as testified by the attorney for respondent, that, under the terms of the memorandum, there appearing reasonable grounds for not approving the lease in question, respondent was not bound to proceed.

As stated, the memorandum provided that it should not be binding upon respondent until he had inspected and approved the leases. [8] That it was competent for the parties to agree that no obligation to proceed should accrue if the lease, of which the mortgage was a material part, should be found reasonably subject to objections as to its sufficiency is well settled (Elliott on Contracts, sec. 1868; *First Nat. Bank of Waurika* v. *Clay,* 74 Okl. 112 [177 Pac. 115, 117]; 13 Cor. Jur. 564; *Rogers* v. *Maloney,* 85 Or. 61 [165 Pac. 357]).

[9] The trial court, in construing the writing, by implication concluded the intention of the parties to have been that, upon the disapproval of the mortgage in good faith, reasonable grounds of objection to its sufficiency appearing, no obligation on the part of respondent should arise; and this conclusion, aside from the finding as to the understanding and condition upon which the memorandum was delivered and accepted, is supported by the language of the provision mentioned.

[10] The evidence was sufficient to support the finding of good faith and the implied conclusion that the refusal to accept the lease and mortgage was reasonably justified, and, the effect thereof upon the obligation of respondent to proceed being as stated, sustains the legal conclusions and judgment of the trial court.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 22, 1926.