## In re ROSOM UTILITIES, Inc.

### No. 372.

Circuit Court of Appeals, Second Circuit.

June 19, 1939.

George J. Beldock, of New York City, for appellant.

Groberg & Groberg, of Brooklyn, N. Y. (Benjamin Groberg and Harry D. Meislich, both of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PER CURIAM.

This appeal presents the question of the validity of a purchase money chattel mortgage covering certain merchandise (7 radios, 2 refrigerators and 1 heater) which came into the possession of the trustee in bankruptcy of Rosom Utilities, Inc. Prior to the institution of bankruptcy proceedings, there had been a default under the mortgage, and pursuant to its terms the mortgagee was entitled to immediate possession of the chattels, if the mortgage was valid. The trustee contended that it was invalid because section 230-a of the Lien Law of New York, Consol.Laws, c. 33, had not been complied with. The referee sustained this contention but the district judge held otherwise and directed the trustee to deliver the goods to the claimant. From this order the trustee has appealed.

It is not disputed that the bankrupt purchased the merchandise from the claimant on September 11, 1937, and on the same day executed the mortgage to secure the purchase price thereof. The mortgage was filed in the proper Register's office on September 16, 1937. Between that date and September 29th the goods were delivered at the bankrupt's place of business. Thus it appears that the mortgage was for the purchase price of the goods and was executed prior to the time when they came into the purchaser's possession. The district court correctly held that section 230-a of the Lien Law is not applicable to such a mortgage.

Section 230-a reads as follows: "Every mortgage or conveyance intended to operate as a mortgage upon a stock of merchandise in bulk or any part thereof, or upon merchandise and fixtures pertaining to the conduct of the business of the mortgagor, shall be void as against the creditors of the mortgagor, unless the mortgagor shall at least five days before the execution of such mortgage make a full and detailed inventory, showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the mortgagor of each article to be included in the mortgage; and unless the mortgagee demand and receive from the mortgagor a written list of names and addresses of the creditors of the mortgagor specifying the amount due or owing to each and certified by the mortgagor (mortgage) under oath to be a full, accurate and complete list of his creditors and of his indebtedness; and unless the mortgagee shall at least five days before the execution of such mortgage (mortgagor) notify personally or by registered mail every creditor whose name and address is stated in such list, or of which he has knowledge, of the proposed mortgage and the terms and conditions thereof."

Implicit in the text of the statute, making reference to a mortgage on "a stock of merchandise in bulk or any part thereof," is the supposition that the mortgagor is placing a lien on goods already in his possession. Also the requirement of an inventory made five days before execution of the mortgage and the steps required to be taken following the inventory plainly presuppose that the goods are in the mortgagor's possession at the time. Moreover, the courts have held that section 230-a is an application to mortgages of the Bulk

Sales Act appearing as section 44 of the Personal Property Law, Consol.Laws, c. 41. See In re Henningsen, 2 Cir., 297 F. 821, 823; In re Saraw, 2 Cir., 91 F.2d 957, 958. The evil at which the section was aimed was the perpetration of a fraud on creditors by putting a bulk mortgage on a stock of goods or part of it and making off with the proceeds. No fraud on creditors is effected where a merchant adds to his stock by taking in goods subject to a purchase money mortgage. Hence the mortgage in question was not within the intendment of the statute, even though there is no express exception of purchase money mortgages. Cf. Coman v. Lakey, 80 N.Y. 345, 350.

Order affirmed.