CITIZENS NAT. TRUST & SAVINGS BANK OF LOS ANGELES v. GARDNER (two cases).

Nos. 11485, 11486.

Circuit Court of Appeals, Ninth Circuit.

April 28, 1947.

Henry Merton, of Los Angeles, Cal., for appellant.

Frank M. Chichester, of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

ORR, Circuit Judge.

These are consolidated appeals from orders of the District Court confirming the· orders of a Referee in Bankruptcy which held void a chattel mortgage given by the bankrupts (Mr. and Mrs. Rell) to appellant.

The Rells, on May 4, 1945, entered into a three party escrow agreement to purchase a garage business and equipment from one Wilson, with part of the purchase price to be paid from funds loaned to the Rells by appellant bank. In consideration of this loan and as security for it appellant was to receive a chattel mortgage, executed by the Rells, on the garage equipment sold by Wilson [including one Ford truck], and, included in the mortgage were two automobiles, the title to which was to be acquired by the Rells from persons other than Wilson. The escrow department of appellant bank was designated as the escrow holder.

The Rells executed the mortgage on May 4 and deposited it with the escrow holder on that date. On May 19 the escrow was closed, at which time appellant's escrow department delivered the funds to Wilson, the garage equipment and business to the Rells, and the chattel mortgage to appellant.

The notice [required by § 3440 of the California Civil Code] of intention to chattel mortgage the property involved, was not published. The chattel mortgage was recorded on May 24, 1945, five days after the escrow depositary delivered the mortgage to appellant.

The ownership certificates of the three automobiles included in the mortgage [which certificates are required by § 195 of the California Vehicle Code to accompany a copy of the mortgage when the latter is deposited .with the State Department of Motor Vehicles] were not delivered to appellant until June 3 or 4, 1945, some two weeks after the close of the escrow. The reason for the delay was that the certificates were in the Motor Vehicles Department of the State of California to complete transfer of ownership of the automobiles to the Rells which would enable them, in turn, to transfer the automobiles to appellant.

Appellant, on June 8, sent the certificates with the required copy of the mortgage to said Motor Vehicles Department.

The Rells were adjudicated bankrupts on March 6, 1946, and appellee was appointed Trustee of the bankrupt estates of both the Rells. He instituted these suits by filing a petition in the bankruptcy proceed-

ings before the Referee seeking an order declaring the chattel mortgage void as against him on the grounds [1] that the notice of intention to chattel mortgage the property, required by § 3440 California Civil Code, was never published; [2] that appellant had failed to record a copy of the mortgage within a reasonable time after its execution, as required by § 2957 California Civil Code; and [3] that a certified copy of the mortgage was not promptly deposited with the Department of Motor Vehicles, in compliance with § 195 of the California Vehicle Code.

The pertinent provisions of § 3440 provide that "the * * * mortgage of the fixtures or store equipment of a * * * garage owner * * * will be conclusively presumed to be fraudulent and void as against the existing creditors of the * * * mortgagor, unless * * * the * * * mortgagor * * * or mortgagee * * * shall publish a copy of such notice [of intended mortgage] in a newspaper of general circulation * * *".

Sec. 2957 provides that a mortgage of personal property is void as against creditors of the mortgagor unless the mortgage is recorded "at the time the mortgage is executed". This provision is interpreted by the California courts to require prompt and immediate recording unless excusable delay is shown.[1]

Sec. 195 of the Vehicle Code provides that a chattel mortgage of vehicles shall be invalid as against creditors until the mortgagee has deposited a copy of the mortgage, accompanied by properly endorsed certificates of ownership to the vehicles described in the mortgage with the Department of Motor Vehicles at Sacramento.

Appellant contends [1] that § 3440 of the Civil Code is not applicable to this chattel mortgage; and [2] that the evidence is not sufficient to support the finding that appellant failed to act promptly in recording the mortgage and depositing it with the Motor Vehicles Department. We agree.

■ First: In considering whether the provisions of § 3440 are applicable to this mortgage it is important to bear in mind that the statute, by its terms, requires publication of the notice in case of a "mortgage of the * * * equipment of a * * * garage owner". It must also be remembered that the purpose of both §§ 3440 and 2957 is to prevent a mortgagor defrauding his creditors by disposing of his assets without proper notice to them. Here the Rells were not garage owners at the time they gave the chattel mortgage to appellant. They held no title to the garage property on the date they executed the mortgage. The garage purchased with the proceeds of the loan, and other funds, was not a going concern, as to the Rells, until after the mortgage was executed.

Under such circumstances the California courts have held that § 3440 is not applicable.[2]

■ Laws relating to chattel mortgages must be strictly construed, but a strict construction of § 3440 emphasizes that said section does not apply to one who is not a garage owner at the time of executing a chattel mortgage.

The mortgage involved here was in the nature of a purchase money mortgage in that all of the proceeds of appellant's loan were used by the bankrupts to help *acquire new* assets. Under such a condition the bankrupts could not be affected adversely by the giving of the mortgage.

Under similar facts the Second Circuit Court of Appeals in In re Rosom Utilities, 105 F.2d 132, 133, held the requirements of a New York statute very much the same as § 3440 not applicable to a purchase money mortgage. It there appeared that "the mortgage was for the purchase price of the goods and *was executed prior to the time when they came into the purchaser's* possession". (Italics ours.) The Court said: "The evil at which the section was aimed was the perpetration of a fraud on creditors by putting a bulk mortgage on a stock of goods * * * and making off with the proceeds. No fraud on creditors is

---

1 Ruggles v. Cannedy, 127 Cal. 290, 53 P. 911, 59 P. 827, 46 L.R.A. 371; Williams v. Belling, 76 Cal.App. 610, 245 P. 455.

2 Beckjord v. Traeger, 3 Cal.App.2d 385, 39 P.2d 523.

effected where a merchant *adds to his stock* by taking in goods subject to a purchase money mortgage. Hence the mortgage in question was not within the intendment of the statute, even though there is no express exception of purchase money mortgages." (Italics ours) 105 F.2d 132, 134.

Citing the Rosom case, supra, the District Court for the Southern District of California recently held § 3440 of the California Civil Code inapplicable to purchase money mortgages in In re Mercury Engineering, Inc., 68 F.Supp. 376. The Court said: "When we require notice before sale of stock in trade, we do so in order that the basis on which the prior credit has been secured be not dissipated without notice. But when the basis did not exist, but came into being through the very sale and incumbrance, the very foundation for the requirement is gone." 68 F.Supp., at page 379.

It is argued that the chattel mortgage executed by the Rells was not a true purchase money mortgage because it was not given for the full purchase price. We do not consider the question of whether the mortgage is a true purchase money mortgage controlling. The determining factor is whether aid is extended in acquiring, rather than in disposing of, assets.

Second: The evidence, which was presented by a written stipulation, discloses that the bankrupts executed the mortgage on May 4 and deposited it in appellant's escrow department on that date. When the escrow was closed on May 19, the escrow department delivered the mortgage to appellant as mortgagee, and appellant then had the mortgage recorded five days later on May 24.

On these facts the Referee found that appellant failed to act promptly in having the mortgage recorded. Appellee contends that there was a 20 day delay from the date of execution on May 4 to the date of recording on May 24, and that such a delay requires a holding that the mortgage is void as to creditors, citing Williams v. Belling, (note 1), and our decision in Swift v. Hig-

gins, 9 Cir., 72 F.2d 791, where 14 and 28 days delay, respectively, were held to render the mortgage void.

Williams v. Belling, supra, is authority for the proposition that any presumption that an instrument was executed *and delivered* on the date it bears may be overcome by a contrary showing (76 Cal. App. at page 615, 245 P. 455). We think it clear that until the mortgage was delivered to appellant on May 19, at the close of the escrow, it was not an effective mortgage capable of recordation. Such being the fact the mortgage was recorded within 5 days rather than 20 days after delivery, which is not an unreasonable delay.[3] Ruggles v. Cannedy, 127 Cal. 290, 53 P. 911, 59 P. 827, 46 L.R.A. 371, and Williams v. Belling, 76 Cal.App. 610, 615, 245 P. 455, 457, require that recordation "should be had immediately or as soon thereafter as practical upon the execution [of the chattel mortgage] in order to give notice to and bind third parties". Appellant fully met that requirement.

As to the finding that appellant failed to act promptly or diligently in depositing a certified copy of the mortgage with the Department of Motor Vehicles, the stipulation discloses that while the escrow was closed on May 19, the ownership certificates of the three automobiles were not delivered to appellant until June 3 or 4. Under § 195 of the Vehicle Code, when the chattel mortgage is deposited with the Department, it must be "accompanied" by the certificates of ownership.[4] Thus it was not until June 3 or 4 that appellant was in a position to comply with the requirements of said section.

It is further stipulated that on June 8 appellant sent the endorsed certificates and a copy of the mortgage to the Department of Motor Vehicles. We think this constituted sufficiently prompt action.

It is also stipulated that on June 29 appellant was notified by the Department that there was some technical defect, probably either an incorrect endorsement of a name, or insufficient fee transmitted, in the papers

---

[3] Cf. In re Mercury Engineering Co., 68 F.Supp. 376, 378, 379, where a 26 day delay was held justified.

[4] Cf. our recent decision in Alberty v. United States, 9 Cir., 159 F.2d 278, adopting the ordinary use of the word "accompany" in a criminal statute.

534

sent to the Department, and it was not until July 20 that appellant was registered as the legal owner of the three automobiles. This, argues appellee, was a delay which must be considered as having extended to July 20, and was therefore unreasonable, because a chattel mortgage on automobiles is not valid as to creditors until the mortgagee is registered as the legal owner, citing Eckhardt v. Morley, 220 Cal. 229, 30 P.2d 423, and Chelhar v. Acme Garage, 18 Cal.App.Supp.2d 775, 61 P.2d 1232.

These cases were based upon now repealed provisions of the California Vehicle Act. Sec. 195 of the Vehicle Code, the controlling statute at all times pertinent to this action, provides that no chattel mortgage on automobiles is valid as against creditors until the mortgagee has *deposited* with the Department a copy of the mortgage accompanied by properly endorsed certificates of ownership to the vehicles covered by the mortgage.

The stipulation is extremely vague as to the nature of the defect which caused the delay in registering appellant as legal owner. Since it does not appear that the ownership certificates were *not* properly endorsed when sent to the Department, we think appellant complied with § 195 by depositing a copy of the mortgage accompanied by the ownership certificates within 4 to 5 days after the ownership certificates were delivered to appellant.

Reversed.