William V. **MARTIN**, as Trustee in Bankruptcy for Aerocolor, Inc., dba Aero Press Co., a corporation, Appellant,

v.

**CROCKER–CITIZENS NATIONAL BANK**, Appellee.

No. 19670.

United States Court of Appeals
Ninth Circuit.

Aug. 3, 1965.

Edward I. Gorman, David K. Golding, Flaxman, Coleman, Gorman & Rosoff, Los Angeles, Cal., for appellant.

Samuel H. Rindge, Cosgrove, Cramer, Rindge & Barnum, Los Angeles, Cal., for appellee.

Before JERTBERG, Circuit Judge, MADDEN, Judge of the Court of Claims, and DUNIWAY, Circuit Judge.

MADDEN, Judge:

Aerocolor, Inc., was in bankruptcy in the United States District Court for the Southern District of California. The appellee herein, Crocker-Citizens National Bank, applied to the referee in bankruptcy for leave to exercise the bank's power of sale under a chattel mortgage which the bank claimed to have received from Aerocolor before Aerocolor became bankrupt. The referee in bankruptcy denied the bank's application, stating several reasons for the denial. We shall discuss only one of those reasons, the failure of the officers of Aerocolor to acknowledge, in the presence of the notary public who attached his certificate to the document, their signatures to the chattel mortgage.

The referee having denied the bank's application for leave to sell the chattels under the mortgage and the bank having sought review of the referee's decision by the District Court, the bank and the trustee in bankruptcy entered into a stipulation providing for the sale of the chattels in order to prevent deterioration and wastage, the proceeds of the sale to belong ultimately to the trustee or to the bank, depending upon the outcome of the bank's appeal.

The District Court reversed the judgment and order of the referee and held that the bank's chattel mortgage was valid and that the proceeds of the sale of the chattels should be paid to the bank. The trustee in bankruptcy has appealed to this court from that judgment.

At the time Aerocolor executed its chattel mortgage to the bank, Aerocolor had one or more existing creditors who are now creditors of the bankrupt estate. If, under California law, the chattel mortgage was invalid as against that creditor or those creditors, it is invalid as against the trustee in bankruptcy. First Nat. Bank of Baltimore v. Staake, 202 U.S. 141, 26 S.Ct. 580, 50 L.Ed. 967; Noyes v. Bank of Italy, 206 Cal. 266, 274 P. 68; Bankruptcy Act, § 70, sub. c, 11 U.S.C. § 110, sub. c. The appellee cites In re Hurt, 129 F.Supp. 94, as containing language contrary to the foregoing authorities. It seems to us, however, that the law on this question is as we have stated it.

Our problem, then, is to determine whether, under California law, the bank's chattel mortgage was valid as against Aerocolor's creditors. California Civil Code § 2957 provides:

A mortgage of personal property or crops is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless:

1. It is acknowledged, or proved and certified, in like manner as grants of real property;

\*   . \*     \*     \*     \*     \*

4. The mortgage \* \* \* is recorded in the office of the recorder \* \* \*.

California Civil Code § 1185 provides that the acknowledgment of an instrument must not be taken unless the officer taking it knows, or is furnished evidence, that the person making the acknowledgment is the person described in the instrument. Sections 1188 and 1190 provide a form of words which the officer must indorse on or attach to the instrument acknowledged. That form states that the person making the acknowledgment personally appeared before the officer who took the acknowledgment. California Government Code § 6203 provides:

> Every officer authorized by law to make or give any certificate or other writing is guilty of a misdemeanor if he makes and delivers as true any certificate or writing containing statements which he knows to be false * * *.

California Government Code § 8214 makes a notary public and his sureties liable to any person injured by the notary's official misconduct or neglect.

In the instant case the chattel mortgage was not acknowledged. The California statute says that such a mortgage shall be void as against creditors of the mortgagor. At least as to existing creditors of the mortgagor, the purpose of the legislature in requiring acknowledgment, and recordation, to which acknowledgment is a prerequisite, could not have been the giving of notice, since such a creditor would have already parted with his money or his goods or his labor, and the only benefit which would accrue to him from a recordation which might come to his notice would be the warning that he had better not part with any more of his money or his goods or his labor on the assumption that because his debtor was in possession of many chattels he would probably pay his debts. The legislators' view may well have been that if a person had many chattels in his possession, and many debts, some one of his many creditors ought not to be allowed the advantage of a secret, non-possessory lien upon the debtor's apparent chattel riches, which advantage the favored creditor would disclose when the debtor's financial structure was about to collapse. The legislature may well have thought that if one creditor is to be permitted to gain such an advantage over others, he should at least take certain prescribed steps in order to accomplish that purpose. As we have said, the notice given by recordation would have come too late to be of use to existing creditors.

We think, then, that at least as to existing creditors, the requirement of Civil Code § 2957 that chattel mortgages be acknowledged in order to be valid prescribes a necessary step in the creation of the lien of the chattel mortgage itself, and not a method of giving constructive notice of an otherwise valid lien.

In the instant case, although the chattel mortgage was not acknowledged, the notary public certified that it had been acknowledged. On its face, then, when it was presented by the bank to the recorder there was no reason why the recorder should not record it, and he did record it. In such a situation, there are obvious possibilities of great inequities. If someone had bought Aerocolor's note from the bank and had sought to enforce the chattel mortgage against Aerocolor, which for the purpose of the illustration we will assume was still in business, it would be difficult to see any equity in a defense by Aerocolor that its officers had not acknowledged the chattel mortgage.

As the District Court pointed out in its memorandum opinion, many courts have held that when an acknowledgment is defective but the defect is not apparent on the face of the record of the instrument, the record imparts constructive notice of the instrument to persons not having actual notice of the defect. The Court cites 59 A.L.R.2d 1299, and cites Boswell v. Laramie First National Bank, 16 Wyo. 161, 92 P. 624, 93 P. 661, for an able elaboration of the doctrine. As to California law, the Court cites Merced Bank v. Rosenthal, 99 Cal. 39, 31 P. 849, 33 P. 732; Lee v. Murphy, 119 Cal. 364, 51 P. 549; Overton v. Harband, 6 Cal.App.2d 455, 44 P.2d 484. The Court recognized

that the statements in the cited California cases were dicta, and said:

> Admittedly, the authorities in California in support of the exception are few and weak, but the courts have never had occasion to rule with greater force upon it. These cases, I believe, are sufficient to indicate that if the courts of California were to rule upon the point, they would uphold, under such circumstances, an acknowledgment valid on its face, even though subject to a latent defect.

We suggest, with deference, that the patent-latent dichotomy has no application to the instant case. It is for the protection of persons who rely upon what appears fair on the record, and as to whom it would be inequitable to assert defects in the acknowledgment which they had no reason to suspect. In the instant case the defect was created by the chattel mortgagee itself, the bank. On its premises, and under the supervision of its agents, the officers of the mortgagor signed the mortgage, and were allowed to depart without having acknowledged their signatures. Under the supervision of the bank's agents, a notary later made a false certification that the mortgagor's officers had acknowledged their execution of the instrument. If such a complete disregard of the provisions of the California statutes is to be treated as irrelevant, not for the protection of an innocent third person but for the benefit of the party who so disregarded the statutes, it should be the California courts, not a court of another sovereign, which should announce that doctrine.

In view of our conclusion that the acknowledgment of the chattel mortgage was invalid and the mortgage was therefore invalid as against the trustee in bankruptcy, we have not considered the other asserted grounds of invalidity of the chattel mortgage.

The judgment of the District Court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.