409 F.2d 549
 Richard R. CLEMENTS, Trustee in Bankruptcy of the Bankrupt Estates of Stone Mountain Snider, dba Snider Family Markets, and Ruby E. Snider, Appellant,
v.
Austin T. SNIDER and Angeline M. Snider, dba Snider Family Markets, Appellees.
 No. 22092.
 United States Court of Appeals Ninth Circuit.
 March 28, 1969.
 
 Richard M. Moneymaker (argued), Los Angeles, Cal., for appellant.
 Harvey S. Krieger (argued), West Covina, Cal., for appellees.
 Before BARNES, HAMLEY and CARTER, Circuit Judges.
 BARNES, Circuit Judge:
 
 
 1
 This is an appeal from a summary judgment granted by the district court against appellant trustee in bankruptcy. The issue presented to this court is a narrow one; all parties agree that if the mortgage in question was properly acknowledged, summary judgment was correctly granted.
 
 
 2
 This court has power to review the holding of the district court under 28 U.S.C. § 1291.
 
 
 3
 Appellees, Austin T. and Angeline M. Snider, sold a meat market and retail grocery business to bankrupts Ruby and Stone M. Snider, brother of Austin, for $41,600.00. The purchase price was evidenced by an installment note secured by a mortgage of chattels on all equipment and fixtures of the business. This note, the agreement of sale, the mortgage of chattels and the certificate of acknowledgment were all executed on August 15, 1964, although all the documents were dated August 10, 1964. This discrepancy of dates is the one alleged defect in the transaction and is the basis for appellant's claim that appellees were unsecured creditors. The mortgage of chattels was properly recorded on August 17, 1964.
 
 
 4
 The bankrupts defaulted on their note on December 23, 1965, and appellees repossessed the property the next day. On January 28, 1966, a voluntary petition in bankruptcy was entered and on June 22, 1966, appellant trustee in bankruptcy filed a complaint for the recovery of the property on the grounds that its transfer constituted an avoidable preference.
 
 
 5
 In presenting the issue of the acknowledgment of the mortgage, appellant argues that if the certificate was incorrect, the acknowledgment was invalid and appellees were unsecured creditors. Appellees' theory is that if the acknowledgment was proper and only the certificate was defective, the instrument is valid.
 
 
 6
 We find the reasoning of appellees to be the better position and, determining them to be secured creditors, affirm the district court.
 
 
 7
 The pre-recordation process for a chattel mortgage, as here relevant, was, at the time of signing, outlined by the California Civil Code, § 2957 which read, in part:
 
 
 8
 "A mortgage of personal property * * * is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless;
 
 
 9
 1. It is acknowledged, or proved and certified, in like manner as grants of real property * *."
 
 
 10
 The requisites of an acknowledgment (Civ.Code Sec. 1185) are the personal appearance of the maker, his acknowledgment that he signed it, and the officer's personal knowledge that the maker is the person he purports to be.
 
 Section 1188 of the Civil Code states:
 
 11
 "An officer taking the acknowledgment of an instrument must indorse thereon or attach thereto a certificate substantially in the forms hereinafter prescribed." (Emphasis added.)
 
 
 12
 Section 1189 of the Civil Code provides a general form for the certificate, reading in part:
 
 
 13
 "On this ...... day of ......, in the year ......, before me (here insert name and quality of the officer), personally appeared ......, known to me (or proved to me on the oath of .....) to be the person whose name is subscribed to the within instrument, and acknowledged that he (she or they) executed the same."
 
 
 14
 As we have stated, when these requirements were met, each document was incorrectly dated August 10, 1965, not August 15, 1965, the date of the signing.
 
 
 15
 The function of the certificate of acknowledgment is to provide prima facie proof that a document — to which it is attached but not a part — has been executed by the person whose signature appears on the document. The certificate is "evidentiary in character and is required so as to entitle the instrument to be recorded or to render it competent evidence without further proof." Lillard v. Walsh, 172 Cal.App.2d 674, 342 P.2d 82, 85 (1959).
 
 
 16
 The certificate of acknowledgment makes it possible for the holder of a chattel mortgage to record it. Recording serves two clear purposes, as appears below. If neither of these is frustrated by an incorrectly dated certificate and if the erroneous date does not prevent recordation, no reason exists for reversing the district court.
 
 
 17
 One function of recordation is to put future creditors on notice that their would-be debtor's property is encumbered. The second relates to preexisting creditors. As we pointed out in Martin v. Crocker-Citizens Nat. Bank, 349 F.2d 580, 582 (1965):
 
 
 18
 "At least as to existing creditors of the mortgagor, the purpose of the legislature in requiring acknowledgment, and recordation, to which acknowledgment is a prerequisite, could not have been the giving of notice, since such a creditor would have already parted with his money or his goods or his labor, and the only benefit which would accrue to him from a recordation which might come to his notice would be the warning that he had better not part with any more of his money or his goods or his labor on the assumption that because his debtor was in possession of many chattels he would probably pay his debts. The legislators' view may well have been that if a person had many chattels in his possession, and many debts, some one of his many creditors ought not to be allowed the advantage of a secret, non-possessory lien upon the debtor's apparent chattel riches, which advantage the favored creditor would disclose when the debtor's financial structure was about to collapse. The legislature may well have thought that if one creditor is to be permitted to gain such an advantage over others, he should at least take certain prescribed steps in order to accomplish that purpose."
 
 
 19
 The significant date for each group of creditors is that of recordation because that is the meaningful event; the date of certification is irrelevant in itself because an unrecorded mortgage is without effect except as between the parties. Cal.Civ.Code § 2973. The certification date takes on importance only as a measure of the lapse between acknowledgment and recordation because California law has established that an unacceptable lag is fatal to the validity of registration. E. g., Citizens Nat. Trust & Savings Bank of Los Angeles v. Gardner, 161 F.2d 530, 533 (9th Cir. 1947). We hold that regardless of which date — that on the certificate or the actual date of certifying — is used as a measuring point, the period (two or seven days respectively) is not so long as to be defective (see, e. g., Ruggles v. Cannedy, 127 Cal. 290, 53 P. 911, 46 L.R.A. 371 (1898), aff'd., 59 P. 827 (1899)), and that there was "substantial compliance." In re Hurt, 129 F.Supp. 94 at 101 (S.D.Cal. 1955). The California courts, as we said in Gardner, supra, p. 532, have interpreted the language of § 2957 "at the time the mortgage is executed" as requiring "prompt and immediate recording unless excusable delay is shown."
 
 
 20
 We do not understand, nor does appellant explain, how he, or anyone else, has been harmed by the incorrect date or in what way the code provisions relating to acknowledgment have been frustrated. Rigid construction is a pointless exercise in literalism if it defeats the obvious intentions of the parties without promoting the function of the statute involved. We affirm the ruling of the district court.
 
 
 21
 Affirmed.