[No. 7656.  In Bank.—May 22, 1885.]

M. MEHERIN, RESPONDENT, v. W. J. OAKS, APPELLANT. | 67  57 |
| 131  556 |

CHATTEL MORTGAGE—RECORDING.—A chattel mortgage, accompanied by the affidavit of all the parties thereto, as required by section 2957 of the Civil Code, is deemed to be recorded within the meaning of that section, when being duly acknowledged or proved, and certified, it is deposited in the recorder's office with the proper officer for record.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of the court.

*W. H. Spencer, John Scott, McD. R. Venable,* and *Oliver P. Evans,* for Appellant, cited *Chamberlain* v. *Bell,* 7 Cal. 294; *Page* v. *Rogers,* 31 Cal. 320, 321; *Donald* v. *Beals,* 57 Cal. 402.

*J. M. Wilcoxson, W. J. & E. Graves,* and *Mich. Mullany,* for Respondent, cited Jones on Mortgages, (3d ed.) § 552; *Wood's Appeal,* 82 Pa. St. 116; *Payne* v. *Pavey,* 29 La. An. 116; *Merrick* v. *Wallace,* 19 Ill. 486, 497; *Polk* v. *Cosgrove,* 4 Biss. 437; *Riggs* v. *Boylan,* 4 Biss. 445; *Mims* v. *Mims,* 35 Ala. 23; *Dubose* v. *Young,* 10 Ala. 365; *Tousley* v. *Tousley,* 5 Ohio St. 78; *Sinclair* v. *Slawson,* 44 Mich. 123.; *Brook's Appeal,* 64 Pa. St. 127; *Musser* v. *Hyde,* 2 Watts & S. 314; Jones on Chattel Mortgages, § 270.

MYRICK, J.—The question involved in this appeal arises under section 2957 of the Civil Code, which reads as follows:—

" A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrances of the property in good faith and for value, unless:—

" 1. It is accompanied by the affidavit of all the parties thereto, that it is made in good faith, and without any design to hinder, delay, or defraud creditors.

" 2. It is acknowledged or proved, certified and recorded, in like manner as grants of real property."

The chattel mortgage was properly executed by Jones, and Jones to Meherin, and was accompanied by the affidavit required by law of all the parties, and was deposited with the recorder to be by him recorded. The recorder in compliance

with section 4242 of the Political Code, indorsed on the instrument the time when and the book and pages in which it was recorded. In recording the instrument the recorder omitted to record the words "and M. Meherin the mortgagee" contained in the affidavit, so that, as the record made the instrument appear the affidavit was signed by Meherin, but he did not join in the verification. The recorder also omitted to record the words "notary public" after the name of the officer taking the acknowledgment of one of the mortgagors, and omitted to indicate that the seal of the notary was annexed to the certificate, although the instrument itself was complete in both particulars.

The defendant, as sheriff, seized the property by virtue of an execution in favor of one Preston against Jones, mortgagor, and the day following such seizure plaintiff gave notice to the defendant of the mortgage, and of its place of record. The defendant disregarded the notice and sold the property.

The appellant insists that he was entitled to stand on the notice imparted to him by the record, and that, as the record did not show a valid mortgage, the fact that the mortgage itself was complete did not give plaintiff a lien; that the instrument was not a mortgage until recorded; and that it was incumbent on the mortgagee to see to it not only that the instrument was properly executed, but that it was properly recorded.

Considering the section above quoted, 2957, by itself, there would be much ground for the position taken. But the section says, the instrument must be recorded in like manner as grants of real property. Referring to the Civil Code, concerning the recording of transfers of real property, we find in section 1158 that any instrument affecting the title or possession of real property may be recorded under chapter 4, and in section 1170 that "an instrument is deemed to be recorded when, being duly acknowledged or proved, and certified, it is deposited in the recorder's office with the proper officer for record."

The mortgage, properly executed, having been deposited in the recorder's office with the proper officer for record, the mortgagee had done all that the law required of him to do; the defendant had actual as well as constructive notice that the plaintiff made some claim to the property, and he should have inquired whether or not the record spoke the truth.

As the defendant made no offer to pay, tender, or deposit the amount due on plaintiff's mortgage under sections 2968 and 2969 of the Civil Code, he was not justified in the seizure. (*Wood* v. *Franks,* 56 Cal. 218.)

We think the findings substantially cover the issues.

Judgment affirmed.

MORRISON, C. J., SHARPSTEIN, J., and McKEE, J., concurred.

McKINSTRY, J., and Ross, J., dissented.