[Civ. No. 1035.   Second Appellate District.—March 19, 1912.]

OSCAR RONNING, Respondent, v. R. B. WAY, Appellant.

ACTION FOR CONVERSION OF MORTGAGED PERSONAL PROPERTY BY CON-
STABLE — NOTICE BEFORE SALE — PLEADING — CAUSE OF ACTION
STATED.—A complaint in an action by a mortgagee of personal prop-
erty situated in Los Angeles county, and mortgaged by a resident
of Riverside county, which alleges that it was recorded in Los
Angeles county only, that defendant, who is a constable in a speci-
fied township in the latter county, converted said mortgaged prop-
erty by levying upon and selling the same, without paying or
tendering to plaintiff the amount of the debt due to plaintiff, the
payment of which was secured by said mortgage, that the value of
the mortgaged property so converted was the sum of $600; and
that prior to the sale and conversion of said personal property the
plaintiff informed defendant of the existence of said chattel mort-
gage, and the claim of the plaintiff thereunder, states a cause of
action, and a general demurrer thereto was properly overruled.

ID.—EFFECT OF FAILURE TO RECORD CHATTEL MORTGAGE IN MORTGAGOR'S
COUNTY—QUALIFIED INVALIDITY—PLEADING REQUIRED BY DEFEND-
ANT.—The failure of the mortgagor to record the chattel mortgage
in the county of his residence, as expressly required by section 2959
of the Civil Code, when taken in connection with section 2957
thereof, renders the chattel mortgage void "as against the creditors
of the mortgagor, and subsequent encumbrancers of the property
in good faith for value." It is held that, as these enumerated
classes do not appear to include the defendant, he is not in a posi-
tion, without pleading the fact, to avail himself of the benefit
thereof.

ID.—CONSTRUCTION OF CODE PROVISIONS AS TO CHATTEL MORTGAGES—
MODIFICATION OF FORMER PROVISIONS.—Although the chattel mort-
gage in question comprised personal property not specified in section
2955 of the Civil Code as subject thereto, and although the mort-
gagor failed to record it in the county of his residence, as provided
in sections 2957 and 2959 of the same code, yet each of those
sections is qualified by the later provisions of section 2973 of the
Civil Code, adopted in 1905, providing that "mortgages of personal
property other than that mentioned in section 2955, and mortgages
not made in conformity with the provisions of this article, are never-
theless valid between the parties, their heirs and assigns, and per-
sonal representatives, and persons who, before parting with value,
have actual notice thereof."

ID.—INSUFFICIENT DEFENSE TO ACTION FOR CONVERSION—LEVY AND SALE
AGAINST VENDEE OF MORTGAGOR—BONA FIDE PURCHASE FOR VALUE

NOT ALLEGED.—An alleged defense to the complaint, in the action for conversion, that the levy and sale by the constable defendant was against a vendee of the mortgagor, as the owner of the property mortgaged, which fails to aver that such vendee was a purchaser in good faith and for value, is insufficient. Under section 2957 of the Civil Code, to render the mortgage void as against such vendee, it must appear by allegation, proof and finding that the purchase was in good faith and for value, and in the absence thereof, the position of the vendee with reference to the property is identical with that of the vendor.

ID.—SUPPORT OF FINDING AS TO NOTICE OF MORTGAGE TO DEFENDANT—ADMISSION OF VALUE OF MORTGAGED PROPERTY—FINDING NOT REQUIRED.—It is held that the evidence sufficiently supports the finding that the defendant had actual notice of the existence of plaintiff's chattel mortgage before the sale made by the defendant; and where the answer made a mere conjunctive denial that the property was of the value of $600, such denial constituted an admission of any less sum, and must be deemed evasive, and in fact no denial at all, and no finding thereon was required.

ID.—IMMATERIAL FINDING—SALE OF "GREATER AND BEST PART OF PROPERTY"—CONVERSION—FAILURE TO REDELIVER.—It is held that a finding that the defendant took and carried away the whole of the mortgaged property, "and sold the greater and best portion thereof," is immaterial as to the latter part of the finding. The right to recover damages is based upon the conversion, and since no part of the property carried away is shown to have been redelivered, the disposal of the converted property by the officer was not material.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Gurney E. Newlin, Roy V. Reppy, J. W. McKinley, and W. R. Millar, for Appellant.

E. B. Drake, and Jones & Drake, for Respondent.

SHAW, J.—This is an action to recover damages against the defendant as constable for an alleged wrongful conversion of property mortgaged to plaintiff.

The court gave judgment for plaintiff, from which, and an order denying his motion for a new trial, defendant prosecutes this appeal.

The complaint alleges the execution to plaintiff of a mortgage upon certain personal property, situated at Whittier, in Los Angeles county, by one George A. Gray, a resident of Riverside county; that the mortgage was recorded in Los Angeles county *only;* that defendant on May 15, 1909, converted the mortgaged property by levying upon and selling the same without paying or tendering to plaintiff the amount of the debt due to plaintiff, payment of which was secured by said mortgage; that the value of the mortgaged property so converted by defendant was the sum of $600. It was further alleged "that prior to the sale and conversion of the personal property herein referred to the plaintiff informed the defendant of the existence of said chattel mortgage and the claim of the plaintiff thereunder."

Appellant contends that the court erred in overruling a general demurrer interposed to the complaint. This contention is based upon the claim, first, that the property covered by the mortgage was other than that specified in section 2955, Civil Code, and therefore not subject to mortgage; and, second, that the complaint shows that at the time of the execution of the mortgage the mortgagor resided in Riverside county in this state, and that no record of the mortgage was made in said county as required by section 2959, Civil Code; that by reason of such failure to so record the mortgage it was void under the provisions of section 2957, Civil Code, which provides that "A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless: . . . 2. It is acknowledged or proved, certified, and recorded in like manner as grants of real property." Under this provision, the failure to record the mortgage in Riverside county rendered it void as to two classes of persons only; that is, creditors of the mortgagor and subsequent encumbrancers and purchasers in good faith and for value. Since, however, it does not appear that defendant belonged to either of these enumerated classes, he is not in a position, without pleading the fact, to avail himself of the benefit thereof. (*Cardenas* v. *Miller,* 108 Cal. 250, [49 Am. St. Rep. 84, 39 Pac. 783, 41 Pac. 472].) Moreover, the provisions of all these sections relied upon by appellant are qualified by section 2973, Civil Code, adopted in 1905. (*Old*

18 Cal. App.—34

*Settlers Investment Co.* v. *White,* 158 Cal. 237, [110 Pac. 922].) This section provides: "Mortgages of personal property, other than that mentioned in section twenty-nine hundred and fifty-five, and mortgages not made in conformity with the provisions of this article, are nevertheless valid between the parties, their heirs, legatees, and personal representatives, and persons who, before parting with value, have actual notice thereof." As it was alleged in the complaint that prior to the conversion of the property by defendant he had actual notice of the existence of the mortgage, it was, under the provisions of the section just quoted, as to him, a valid existing mortgage, notwithstanding the fact that it contained property other than that mentioned in section 2955, Civil Code, and failure to record the same in the county of the mortgagor's residence. The complaint was not obnoxious to the general demurrer interposed.

In his answer defendant averred that at the time of the alleged conversion one E. Jennie Horton was the owner and in possession of the goods and chattels as a purchaser thereof from Gray, the mortgagor; that in an action wherein Horton was sued by a creditor in the justice's court of Los Nietos township, of which defendant was constable, a writ of attachment was issued to him as such officer, pursuant to which he levied upon the mortgaged property, and thereafter, under an execution issued upon a judgment rendered in said action, he as constable sold the property to satisfy the judgment so rendered against Horton, all of which was by the court found to be true. It is not shown that Horton, prior to the purchase, had actual notice of the mortgage, and in the absence of such notice appellant, upon the grounds alleged in support of his demurrer, insists that the mortgage was void as to Horton, she being a subsequent purchaser from the mortgagor; that as her right to the property was unaffected by the mortgage, the creditor's right to enforce his debt against the same was not affected by notice given to the constable acting as his agent. Under the provisions of section 2957, Civil Code, to render the mortgage void as against Horton it must appear by allegation, proof and finding, not only that she was a *purchaser,* all of which *does appear,* but that such purchase was made in *good faith and for value,* neither of which facts is alleged, proven or found. In the absence of such showing, no basis exists by virtue of said section 2957 for the claim that

the mortgage was void as against her.  Her position with reference to the property was identical with that of her vendor. (*Bank* v. *Purdy,* 130 Cal. 455, [62 Pac. 738] ; *Bank* v. *Menke,* 128 Cal. 103, [60 Pac. 675].)

The only material allegation in the complaint which is denied by the answer is that prior to the conversion defendant had actual notice of the existence of the mortgage.  Upon this issue the court found in favor of plaintiff.  Appellant attacks this finding, claiming it is not supported by the evidence.  The evidence of defendant is that while he was posting notices of the levy of attachment, the wife of the plaintiff came to the building wherein the property was located and had some conversation with Mr. Moore, the attorney for the plaintiff in the action wherein the attachment was issued; that he did not hear her say anything with regard to an existing mortgage upon the property.  With reference to the circumstance of this visit, Mrs. Ronning, the wife of plaintiff, testified that Mr. Moore, to whom she stated in the presence and hearing of the defendant that ''we have a mortgage on the outfit,'' introduced her to defendant, saying, ''Here is the woman that has a mortgage on the outfit''; that she replied, ''I don't pretend to have it; we have it.''  Mr. Moore said, ''How do you know the mortgage is good?'' to which Mrs. Ronning replied, ''We supposed it was good.''  Under this evidence, it cannot be said the finding complained of is lacking support in the evidence.  (*Meherin* v. *Oaks,* 67 Cal. 57, [7 Pac. 47].)

Appellant claims the finding of the court to the effect that the mortgaged property was of the value of $600, as alleged in the complaint, is without evidentiary support.  The answer merely denied the property was of the value of $600.  Such denial was wholly consistent with an alleged value of $599. (*Westbay* v. *Gray,* 116 Cal. 660, [48 Pac. 800].)  Such denial, as said in *Marsters* v. *Lash,* 61 Cal. 623, is ''evasive and in fact no denial at all.''  There being no actual denial of the allegation, no finding thereon was required; hence, it is immaterial that no sufficient evidence was adduced in support thereof.

Appellant directs our attention to a number of other assignments of error predicated upon insufficiency of evidence to support findings, all of which, as he says, are based upon the invalidity of the mortgage.  What we have said in dis-

cussing the court's ruling upon the general demurrer is a sufficient answer to appellant's contention in this regard.

Appellant challenges the finding to the effect that defendant seized, took and carried away the whole of said mortgaged property "and sold the greater and best portion thereof"; his contention being that the evidence fails to show a *sale* of the greater and best part thereof. Plaintiff's right to recover damages is based upon the conversion. The disposal of the converted property by the officer, since it was not shown to have been redelivered to the mortgagee, as done in *Irwin* v. *McDowell*, 91 Cal. 119, [27 Pac. 601], was wholly immaterial.

We find no merit in alleged errors due to rulings of the court upon admissions of evidence. In several instances of alleged error no objection was made by defendant to the ruling of the court, and, hence, appellant is not in a position to urge the same in this court.

The judgment and order are affirmed.

Allen, P. J., and James, J., concurred.