[Civ. No. 7313. Second Appellate District, Division One.—July 28, 1932.]

J. E. FAULKNER, Respondent, v. EARL BROOKS et al., Defendants; W. A. SPAULDING, Appellant.

Edmund S. Green for Appellant.

Elijah M. Smuckler for Respondent.

HOUSER, J.—Although not entirely disclosed by the official record herein, but to some extent dependent upon undisputed statements set forth in the briefs of the respective parties hereto, it satisfactorily appears that the pertinent facts which relate to this appeal are as follows: At a time when, in accordance with the provisions of a lease, defendant Spaulding was in possession of a part of certain real property, plaintiff became the purchaser of the whole of the property at a sale which was authorized by the provisions of a trust deed. Thereupon, under the provisions of section 1161a of the Code of Civil Procedure, plaintiff served on the defendants "a three-day notice to quit" possession of the property, etc.; and on the failure and refusal of the defendants to yield to plaintiff the possession of the property, plaintiff commenced an action against defendants in "unlawful detainer" for possession of the premises. Four days after the answer to the complaint of all the defendants in the action had been filed, "a stipulation consenting to the entry of a judgment against all of the defendants was filed, and seven days later a judgment pursuant to said stipulation was entered against all of the defendants". By such stipulation, which was dated January 10, 1930, and which was signed by the attorneys who then represented the respective parties to the action, it was agreed that plaintiff was the owner of and entitled to possession of the property in question; "that possession of said premises is to be delivered up to the plaintiff on or before the 9th day of March, 1930; that if the premises are not so delivered up, the plaintiff shall have a writ of possession issued on the 10th day of March, 1930, or as soon thereafter as the plaintiff may elect; that each of the parties hereto are to pay their own costs incurred herein; that the plaintiff is not entitled to the dam-

ages prayed for in his complaint''. (Treble damages.) On March 7, 1930, or (according to the terms of said stipulation) two days before the rightful possession of defendants of said property would have expired, defendant Spaulding presented to the trial court his notice of motion to vacate the judgment which, in accordance with the stipulation of the parties to the action, theretofore had been entered therein. In substance, the grounds of the motion were that, ''without the knowledge or consent of petitioner (Spaulding), . . . and contrary to his wishes and contrary to the interest of said petitioner'', his then attorney in the action signed the stipulation by virtue of which the judgment was entered against said defendant. In response to said motion the attorney for plaintiff filed his affidavit wherein he deposed ''that the interest of W. A. Spaulding (appellant) is the same as that of the other defendants herein; that immediately after the stipulation was executed said W. A. Spaulding was in the office of this affiant, and also called on him at his place of residence. . . . That said W. A. Spaulding, after said judgment was docketed and entered, appeared at your affiant's office, in the company of Arthur C. Webb, his now attorney; . . . ''

The trial court denied the motion; whereupon defendant Spaulding appealed, not only from said order by which said motion was denied, but as well from the judgment.

It is first urged by appellant that because the complaint in the action failed to ''set forth the facts upon which plaintiff seeks to recover'', and also failed to ''set forth the circumstances of force or violence which may have accompanied the alleged . . . unlawful detainer'' (sec. 1166, Code Civ. Proc.), the complaint failed to state a cause of action.

In connection therewith, an examination of the complaint discloses the fact that it contained an allegation that ''the plaintiff was well entitled to the possession'' of the property involved in the action. In the case of *City Investment Co.* v. *Pringle,* 69 Cal. App. 416, 422 [231 Pac. 355, 357], wherein a similar allegation was made by the plaintiff and a similar point was raised on appeal from the judgment, in reaching a conclusion that the position assumed by the appellant in that regard was not well taken, in part the court said: ''Technically, this is a conclusion of law and not an allegation of fact, and even though we were to concede that

the special demurrer directed to this defect in the complaint should have been sustained, it would not warrant a reversal of the judgment in this case.''

Placing reliance in such authority, it follows that the point suggested by appellant cannot be sustained.

■ It is next contended by appellant that, without express authority from him so to do, his attorney had no power to stipulate that a judgment might be entered against said defendant. However, the conduct of defendant subsequent to the entry of the judgment renders it unnecessary that this court should consider the specific question thus submitted by appellant. From the record herein the date at which said defendant acquired knowledge or notice of the fact that the judgment had been entered against him is not disclosed. But (as appears from the affidavit of the attorney for plaintiff) the fact that the then attorney who represented said defendant was fully aware of all the facts which related to the entry of the judgment; ''that immediately after the stipulation was executed said W. A. Spaulding (defendant) was in the office of this affiant (attorney for plaintiff), and also called on him at his place of residence; . . . that said W. A. Spaulding, after said judgment was docketed and entered, appeared at your affiant's office, in the company of Arthur C. Webb, his now attorney'';—coupled with the most significant fact that defendant remained in possession of the property up to a time which, according to the terms of the stipulation, was but two days before his right to such possession of that part of the property held by him expired, and that on the hearing of the motion defendant failed to produce the affidavit of the attorney who had formerly represented him in the matter,—it was but a fair inference which the trial court was authorized to make, and which from its order may be assumed was made, to wit, that in fact defendant either had expressly authorized his attorney to make the stipulation of which defendant later complained, or that subsequent to the entry of the judgment defendant acquired notice or knowledge of the fact and thereafter ratified it.

■ But even without any ratification of the said assumed authorized act of his attorney, if, acting within its discretion, the trial court found as a fact that which may be legally assumed it did find, to wit, that either immediately or shortly

after the judgment had been entered said defendant had notice or knowledge thereof, and thereafter accepted the benefits which accrued to him under the stipulation, among which were the right of possession of the property for a period of approximately two months, that he be not compelled to pay plaintiff's costs in the action, nor treble damages to which plaintiff might become entitled,—it is clear that defendant would not then have, nor now has, just cause for complaint.

The final contention by appellant to the effect that in rendering the judgment, and subsequently in denying the motion to vacate the same, the trial court abused its discretion, is entirely lacking in merit.

The judgment and the order from which the respective appeals herein are taken are, and each of them is, affirmed.

Conrey, P. J., and York, J., concurred.