[Civ. No. 8050. Second Appellate District, Division Two.—October 11, 1933.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Respondent, v. M. E. HOFFMAN et al., Defendants; CLARA B. TURTON, Appellant.

Merrill L. Granger for Appellant.

John C. Campbell, John L. Mace, Orrick, Palmer & Dahlquist and Christopher M. Jenks for Respondent.

CRAIG, Acting P. J.—A complaint filed by the purchaser, praying damages, possession of real property and the appointment of a receiver following a sale under a deed of trust, and alleging that said property consisted of an apartment house with an income in excess of $1200 per month, that the defendant was insolvent, and would collect and divert the proceeds, resulted in such appointment. One of the defendants, successor in interest of the obligors, appealed.

It is contended that since said suit was formally in the nature of an unlawful detainer action it was not authorized by the Code of Civil Procedure, and that the trial court was without power to appoint a receiver therein. Section 1161 of said code provided in part that a tenant ·of real property for a term less than life would be guilty of unlawful detainer when he (1) continued in possession after expiration of the term; (2) after a failure to pay rent, or (3) after a failure or neglect to perform other conditions

or covenants of a lease or agreement under which the property was held. By section 1161a, one holding over after three days' notice as prescribed in the chapter on forcible entry and unlawful detainer might be removed where 'the property was so held and had been sold under execution, upon foreclosure of a mortgage, or of a deed of trust. And section 564, subdivision 6, of the same code provided that a receiver might be appointed *"in an action in unlawful detainer,* in those cases in which the superior court had exclusive original jurisdiction". The jurisdictional requisites in this respect are not questioned in the instant case. Since this appeal it has been held that a suit filed under said section 1161a under similar circumstances was not subject to objection that it failed to present "the circumstances or force or violence which may have accompanied the unlawful detainer", as contended. (*Faulkner* v. *Brooks,* 125 Cal. App. 137 [13 Pac. (2d) 748].) Subsequently, in a suit for possession of property so sold as in the case of execution (Code Civ. Proc., sec. 2924) our Supreme Court held that the purchaser or the trustee under the encumbrance might maintain the action and that a sale in compliance with section 692 of the Code of Civil Procedure pertaining to executions was authorized and proper. (*Alameda County Home Inv. Co.* v. *Whitaker,* 217 Cal. 231 [18 Pac. (2d) 661].) Thereafter, in *Hewitt* v. *Justice's Court of Brooklyn Township,* 131 Cal. App. 439 [21 Pac. (2d) 641], a suit in unlawful detainer following a sale under a deed of trust was upheld. In the last-cited case it was said: "Since the remedy is purely statutory, and no constitutional inhibition intervenes, the question whether unlawful detainer actions shall be extended to cover cases where the conventional relation of landlord and tenant does not exist is a legislative and not a judicial question. Because in their legislative inception such proceedings were limited to cases where the conventional relation existed does not at all prevent the legislature from extending the remedy to other cases if it sees fit to do so." This we think answers both questions, since section 564 of the Code of Civil Procedure authorizes the appointment of a receiver "in an action in unlawful detainer, in those cases in which the superior court has exclusive original jurisdiction."

It is insisted that the order of appointment if relating only to income would be insufficient. However, the

plaintiff prayed a receiver "to take possession of said premises pending the determination of this action, with full power and authority to operate" the same. Said order appealed from directed that the receiver take possession "of the property more particularly hereinafter described and of improvements located thereon, with full power, under the control and subject to the order of the court, to take, care for and keep possession of the said property, operate, control and manage the same", etc. From the foregoing we think it must be held that the objection made is untenable.

The order is affirmed.

Stephens, J., and Archbald, J., *pro tem.*, concurred.