[Civ. No. 8054. Second Appellate District, Division Two.—October 11, 1933.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Respondent, v. M. E. HOFFMAN et al., Defendants; CLARA B. TURTON, Appellant.

Merrill L. Granger for Appellant.

John C. Campbell, John L. Mace, Orrick, Palmer & Dahlquist and Christopher M. Jenks for Respondent.

CRAIG, Acting P. J.—This case and that of *Pacific States Savings & Loan Co.* v. *Hoffman,* Civil No. 8050, this day decided (*ante,* p. 601 [25 Pac. (2d) 1006]), were instituted, tried and appealed at the same time by the same parties and questions argued in both need not be here restated. The former related to the real property, and the latter to personalty consisting of the furniture and furnishings contained therein, of all of which the appellant was in possession.

The first ground of appeal herein concerns the validity of the chattel mortgage by which said personal property was encumbered. In an instance cited by the appellant it was indicated that a chattel mortgage, bearing no affidavit of good faith, was invalid as to a purchaser without notice. However, it does not here appear that the affidavit was omitted nor that the appellant purchased without notice. It does appear that the same was signed by both encumbrancers, but that the signature of the mortgagee was not appended thereto; but the certificate of the notary public recited that all of the parties including the mortgagee "each

for himself both depose and say: That the afore-mentioned mortgage is made in good faith and without any design to hinder, delay or defraud any creditor or creditors''. ██ ''In the absence of a statute or rule of court requiring it, the affiant's signature to an otherwise regular affidavit is not necessary.'' (*City of Petaluma* v. *White*, 152 Cal. 190 [92 Pac. 177]; *A. P. Hotaling & Co.* v. *Brogan*, 12 Cal. App. 500 [107 Pac. 711]; *Fairbanks, Morse & Co.* v. *Getchell*, 13 Cal. App. 458 [110 Pac. 331].) ██ It is further contended that said mortgage is subject to the objection that an omission in the description of ownership, possession or location rendered the same so uncertain as to make it invalid. The property encumbered was therein described as ''all that certain personal property situated and described as furniture and furnishings contained in the property situate on the northeast corner of Grace and Franklin avenues, Los Angeles, California''. The appellant admits that she was in possession and that she did not make a showing of the invalidity for which she contends. ''It has been held that a description is sufficient if it is such as to enable third parties or inquirers to identify the property covered by it.'' (5 Cal. Jur., sec. 12, p. 54, and cases cited.)

██ Finally, a failure to show insolvency of the defendants is asserted as a ground for reversal of the order of appointment, but since the statutes do not require proof of insolvency in such a case, it may not for that reason be set aside.

The order is affirmed.

Stephens, J., and Archbald, J., *pro tem.*, concurred.