[Sac. No. 4798. In Bank.—February 28, 1934.]

CARL ECKHARDT et al., Appellants, v. JOHN T. MOR-LEY, as Constable, etc., Respondent.

A. G. Bailey for Appellants.

James S. Byers and Charles P. Snyder for Respondent.

THE COURT.—This is an action to enjoin an execution sale. H. M. Kurtz made a promissory note to plaintiffs and appellants for $1700, and to secure payment executed on May 18, 1932, a chattel mortgage on certain automobiles, among them the Buick sedan involved in this action. The mortgage was recorded in Yolo County, where the property was situated, on May 27, 1932. On May 28, 1932, a certified copy of the mortgage and certificates of ownership of the cars were deposited with the Division of Motor Vehicles, with a request for registration. The registrar refused to file them for the reasons first, that the certificates of ownership had not been signed by the plaintiffs as mortgagees, and second, that the filing fees of $1 for the mortgage and $1 for change of legal ownership on each vehicle had not been paid. On July 14, 1932, more than a month later, the certificates, properly signed, and the necessary fees, were forwarded to the division, and on July 15, 1932, the new certificates were issued. Prior thereto, however, on July

12, 1932, the defendant constable levied an attachment on the Buick sedan, in an action against Kurtz, the mortgagor herein. Judgment followed in the action, and execution was issued. The present suit by plaintiffs is to enjoin the execution sale.

A single issue is clearly presented by these facts. Did the mortgage become effective as against creditors of the mortgagor at the time of its deposit with the registrar, or only upon its actual registration after properly signed documents and fees had been forwarded? The lower court held that it became effective only upon registration, and that therefore the intervening attachment was prior. We are of the opinion that no other holding is possible under our statutes.

The California Vehicle Act (Deering's General Laws, 1931, Act 5128) makes a distinction between the "owner" of a vehicle, the party having the use thereof, and the "legal owner", the party having either legal title or a mortgage thereon. Section $45\frac{1}{4}$ of the act provides that no chattel mortgage on a motor vehicle shall be valid until the mortgagee is registered as the legal owner; and that registration of the mortgagee as legal owner and deposit of a certified copy of the mortgage, gives constructive notice thereof to subsequent purchasers and encumbrancers. Section 49 provides that the division shall not grant any application for transfer of registration unless the correct fee therefor has been paid; and section 77 provides that such fee shall be paid at the time registration is applied for. It seems obvious that the act contemplates payment of fees in advance, and that prior thereto there is no duty to register the transfer.

Appellants rely upon the single provision of subdivision d of section $45\frac{1}{4}$ that registration "shall be deemed complete when a copy of a chattel mortgage is deposited with and upon receipt of request for registration by the division of motor vehicles". By itself, this statement might be controlling, but considered in connection with the rest of the act, it is not. Upon a proper request for registration, and under the other provisions of the act such request is proper when the documents are in order and the fees are prepaid, the registration will date from the time of *deposit*. But the mere deposit of the copy of the mortgage, without

compliance with the rules for registration, cannot constitute registration. The situation is analogous to that governing recordation of instruments affecting title to real property. Under section 1170 of the Civil Code an instrument is deemed to be recorded when, after due acknowledgment or certification, "it is deposited in the recorder's office, with the proper officer, for record". Section 1213 of the same code provides that a conveyance "recorded as prescribed by law from the time it is filed with the recorder for record is *constructive notice* of the contents thereof to subsequent purchasers and mortgagees". Construing these sections, we have held that wherever the purpose of the recordation is to give constructive notice of the contents of the instrument, the mere deposit of it with the recorder is not the equivalent of recordation. (*Dougery* v. *Bettencourt*, 214 Cal. 455 [6 Pac. (2d) 499].)

The judgment is affirmed.