José Oller Oller, Plaintiff and Appellee, v. Segundo Cadierno, Defendant and Appellant.

No. 6698. Argued June 15, 1936.—Decided July 14, 1936.

*Monserrat & Monserrat* for appellant. *Angel A. Vázquez* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The appellant filed a motion for reconsideration based largely on the dissenting opinion of Mr. Justice Córdova Dávila. Unquestionably the word "administrator" is broad enough to include an attorney-in-fact; but necessarily there are a great number of administrators who are not attorneys-in-fact. An administrator may be an attorney-in-fact and much more, but many an administrator is not at all an attorney in fact, as our main opinion indicated. We see no reason to vary the opinion of this Court in this regard.

The appellant insists that the court below had no right to fix the rents due by the defendant-appellant at the rate of $110 a month; that this fact set up in the complaint was denied by the answer and that the case ought to have

gone to trial on this issue. By reason of the supposed admis-sions of the answer the court thought it was unnecessary to hear evidence on this point. The whole matter turned on the construction of the answer made by the court as involving a negative pregnant.

The specific words of the complaint were:

"On November 15th, 1929, the date at which the aforedescribed lot of the present plaintiff was adjudicated to the present defendant Segundo Cadierno Rodríguez by the Marshal, said property produced, should have produced and has continued to produce a monthly rental of $100. These rentals the defendant Segundo Cadierno, to the absolute exclusion of the plaintiff, has appropriated to himself; and for the three years and three months included between the 15th of November, 1929, and the 14th of February, 1933, such rentals amounted to $4,290."

The specific words of the answer were:

"Also he denies that from the 15th of November, 1929, when the property object of the summary proceeding above-described was adjudicated by the Marshal to the then plaintiff Segundo Cadierno, that such property produced, ought to have produced, and has continued to produce, a monthly rental of $110.00 and also denies that for the three years and three months included between the 15th of November, 1929, and the 14th of February, 1933, such rental amounted to $4,290."

Thus it will be seen that the answer by its terms would admit a rental of anything that amounted to less than $110.00. a month and a debt of something a trifle less than the total amount claimed. In other words the amount of the claim in its totality is not denied.

The contention of the appellant, or at least one of his citations is to the effect that the admission is for some-thing less than the amount claimed but that the exact amount ought to be proved. The other citations we think have no bearing. Now the practice of the courts in general is that a clause of an answer amounting to a negative pregnant is an admission of the averment of the complaint because, it may be said, no specific part of the averment is denied and

as the courts say there is no issue. *Ronning* v. *Way*, 18 Cal. App. 527; *Preston* v. *Central Cal. etc. Irr. Co.*, 11 Cal. App. 190; Bancroft's Code Pleading, Vol. I, par. 405 and 406 and cases cited in the notes; 21 Cal. Jurisprudence 154, par. 105 and 106 at p. 157.

The defendant who through guile or ignorance makes use of a negative pregnant is penalized. On occasion the defendant can avoid the penalty by a sufficient denial in another part of his answer or get leave of the court to amend. Neither of these things was done by the defendant.

The motion should be overruled.

Mr. Justice Córdova Dávila took no part in the decision of this case.