JOSÉ OLLER OLLER, demandante y apelado, *v.* SEGUNDO CADIERNO, demandado y apelante.

Núm. 6698.—*Sometido:* Junio 15, 1936. *Resuelto:* Julio 14, 1936.

*Monserrat & Monserrat,* abogados del apelante; *Angel A. Vázquez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante ha radicado una moción de reconsideración basada en gran parte en la opinión disidente del Juez Asociado Sr. Córdova Dávila. Indudablemente que la palabra ''administrador'' es lo suficientemente amplia para que incluya a un apoderado; más hay necesariamente un gran número de administradores que no son apoderados. Un administrador puede ser un apoderado, y mucho más, pero muchos administradores no son en absoluto apoderados, como indicaba nuestra opinión principal. No vemos razón alguna para variar la opinión de esta Corte a ese respecto.

El apelante insiste en que la corte inferior no tenía derecho a fijar las rentas adeudadas por el demandado apelante en la suma de $110 mensuales; que este hecho alegado en la demanda fué negado en la contestación y que el caso debió haber ido a juicio sobre esta controversia. Debido a las supuestas admisiones de la contestación, la corte no creyó necesario oír evidencia sobre este punto. Todo el asunto giró

sobre la interpretación hecha por la corte de la contestación como constituyendo una negativa en el sentido de que envolvía un afirmación (*negative pregnant*).

Las palabras textuales de la demanda eran:

"En 15 de noviembre de 1929, en que la finca del ahora demandante, antes descrita, fué adjudicada por el Márshal al ahora demandado Segundo Cadierno Rodríguez, dicha finca produjo, ha debido producir y ha continuado produciendo una renta mensual de $110.00. De esas rentas se ha apropiado para sí el ahora demandado Segundo Cadierno Rodríguez, con absoluta exclusión del demandante; y por los tres años tres meses comprendidos entre el 15 de noviembre de 1929 y el 14 de febrero de 1933, tales rentas montan a $4,290."

Las palabras específicas de la contestación fueron:

"Asimismo niega que desde el 15 de noviembre de 1929 en que la finca objeto del sumario hipotecario arriba relacionado fué adjudicada por el Márshal al entonces demandante ejecutante Segundo Cadierno, dicha finca produjo, ha debido producir, y ha continuado produciendo una renta mensual de $110.00; y asimismo niega que por los tres años tres meses comprendidos entre el 15 de noviembre de 1929 y el 14 de febrero de 1933, tales rentas montan a $4.290."

Así pues, se verá que la contestación en sus términos admitía una renta de cualquier suma menor a $110 al mes y de una deuda en algo menor a la suma total reclamada. En otras palabras, el importe de la reclamación en su totalidad no fué negado.

La contención del apelante, o por lo menos una de sus citas, es al efecto de que la admisión se hace por algo menos de la suma reclamada, pero que el importe exacto debe ser probado. Las otras citas, a nuestro juicio, no son aplicables. Ahora bien, la práctica de las cortes en general es que una cláusula de la contestación que constituya una negativa que envuelve una afirmación equivale a una admisión de la alegación de la demanda, porque, según puede decirse, no se ha negado ninguna parte específica de dicha alegación y, conforme dicen las cortes, no se suscita ninguna controversia. *Ronning* v. *Way*, 18 Cal. App. Rep. 527; *Preston* v. *Central*

*Cal. etc. Irr. Co.,* 11 Cal. App. 190; ''Bancroft's Code Pleading'', Vol. I, sec. 405, 406, y casos citados en las notas; 21 Cal. Jur. 154, sec. 105 y 106, pág. 157.

El demandado que por astucia o ignorancia hace uso de una negativa que envuelve una afirmación debe sufrir las consecuencias de su acto. De vez en cuando el demandado puede evitar tal penalidad mediante una negación suficiente en otra parte de su contestación u obteniendo permiso de la corte para enmendar. El demandado no hizo ni lo uno ni lo otro.

*La moción debe ser declarada sin lugar.*

El Juez Asociado Señor Córdova Dávila no intervino.