### In re KESSLER.
### No. 46737.

United States District Court
S. D. California, Central Division.
May 26, 1950.

1014

Craig, Weller & Laugharn, Los Angeles, Cal., for trustee.

Hugo A. Steinmeyer and Robert H. Fabian, Los Angeles, Cal., for Bank of America Nat. Trust & Savings Ass'n. [Petitioner-on-Review].

Reuben G. Hunt, Los Angeles, Cal., Referee in Bankruptcy.

MATHES, District Judge.

This matter is here upon petition for review of (1) referee's order of August 4, 1949, issued in proceedings under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., declaring a mortgage lien void as against the receiver in bankruptcy, and (2) referee's order of August 19, 1949, denying the mortgagee's petition to recover proceeds derived from sale of the chattels mentioned in the mortgage. Bankruptcy Act §§ 2, 38, 11 U.S.C.A. §§ 11, 66.

There is no issue as to the facts. On October 9, 1947, Kessler, now bankrupt, executed a chattel mortgage in favor of petitioner, Bank of America, to secure repayment of a loan. The mortgage describes a cash register, soda fountain and other equipment, gives the mortgagor's occupation as "Kessler's Pharmacy," and gives the location of the mortgaged property as "Burbank, California."

The mortgage was acknowledged October 10th. On October 11th the bank forwarded the mortgage to the Los Angeles County Recorder with a request that the instrument be recorded and the bank billed for the recording fees. On October 14th the County Recorder received the mortgage, placed it in a "hold" file, and mailed the bank a statement showing the fees required for recordation. The County Recorder received in due course the bank's check dated October 23rd as payment of the recording fees, and thereupon on October 24, 1947, duly recorded the mortgage.

Prior to execution of the mortgage in question there were creditors of the mortgagor whose claims still remained unpaid when on December 16, 1948, Kessler was adjudged bankrupt upon an involuntary petition filed November 30, 1948. At the filing of the petition the bankrupt was in actual or constructive possession of all property mentioned in the mortgage. See Page v. Arkansas Natural Gas Corp., 1932, 286 U.S. 269, 52 S.Ct. 507, 76 L.Ed. 1096; Honeyman v. Hughes, 9 Cir., 1946, 156 F.2d 27, certiorari denied, 1946, 329 U.S. 739, 67 S.Ct. 99, 91 L.Ed. 638; In re Pinsky-Lapin Co., 2 Cir., 1938, 98 F.2d 776.

On January 3, 1949, the receiver, alleging that the bank's mortgage was invalid by reason of delayed recordation and insufficient description of the property, petitioned the bankruptcy court for an order requiring the bank to appear and show what lien, if any, it had upon the store fixtures and equipment located in the bankrupt's place of business. An order to show cause was issued upon the receiver's petition, the bank appeared, a hearing was had, and the August 4, 1949, order under review followed.

Before the validity of the bank's mortgage had been determined, the bankrupt filed a petition and plan of arrangement under Chapter XI, § 321 of the Act, 11 U.S.C.A. § 721, and the plan was confirmed by the referee. Bankruptcy Act, §§ 1(9), 2, sub. a (9), 38(5), 11 U.S.C.A., §§ 1(9), 11, sub. a(9), 66(5). The plan provided for distribution to general creditors of the "net proceeds" derived from sale of the assets of the bankrupt's drugstore. If the bank's mortgage were invalid, proceeds from the sale of the fixtures and equipment listed therein were to be included in the fund.

The receiver thereupon sold the assets of the bankrupt, including the chattels mentioned in the mortgage, and the bank then petitioned the court for the proceeds. After a hearing the referee denied the bank's petition by the August 19, 1949, order here under review.

The plan and order of confirmation provided for retention of jurisdiction "until all of the terms and conditions of said arrangement have been completed" and "for the purpose of hearing and determining such objections as may be filed to the claims of creditors herein." Until challenged the referee proceeded upon the

assumption that the bankruptcy court retained jurisdiction, after confirmation of the plan, to determine the validity of the bank's mortgage. And when jurisdiction was challenged by the bank, the referee amended the order of confirmation to make it clear that the court expressly retained such jurisdiction.

■ It is settled that the bankruptcy court, like all federal courts, has only such jurisdiction as is conferred by statute. Taubel-Scott-Kitzmiller Co. v. Fox, 1924, 264 U.S. 426, 431, 44 S.Ct. 396, 68 L.Ed. 770. An arrangement under Chapter XI "may include * * * provisions for retention of jurisdiction." Bankruptcy Act, § 357(7), 11 U.S.C.A. § 757(7). Jurisdiction shall be retained "if so provided in the arrangement." § 368, 11 U.S.C.A. § 768. The bank contends that the referee's amendment of the order of confirmation could not serve the purpose, see In re Faerstein, 9 Cir., 1932, 58 F.2d 942, 943; but see Matter of Pottasch Bros. Co., 2 Cir., 1935, 79 F.2d 613, 617, and that if jurisdiction over this controversy was not expressly retained as provided by § 368, the bankruptcy court lacks such jurisdiction.

In arrangement proceedings under former § 12 the bankruptcy court was held to have jurisdiction to try title to property in its possession whether or not jurisdiction was retained pursuant to § 74, sub. j. California Conserving Co. v. D'Avanzo, 2 Cir., 1933, 62 F.2d 528. In the words of Judge Learned Hand, "it is the duty of all courts, before taking any action, and the surrender of property is an affirmative step, to ascertain whether that action will respect or violate any individual rights of which it may have become aware. * * * A court must always award to each his own * * * It cannot so act without making inquiry into the relative rights of the conflicting claimants. The confirmation does not affect the situation at all * * * The very performance of the court's duty involves the sifting of claims. It is an inherent condition of the execution of the composition in itself." In re Kalnitzsky, D.C.S.D.N.Y.1922, 285 F. 649, 651, affirmed 2 Cir., 1922, 285 F. 652.

■ It is my opinion for like reasons that the bankruptcy court now has jurisdiction after confirmation of an arrangement under the present statute to hear and determine known claims to property remaining in its possession, regardless of whether the confirmed arrangement includes express provision for retention of such jurisdiction pursuant to § 368. See Murphy v. John Hofman Co., 1909, 211 U.S. 562, 569, 29 S.Ct. 154, 53 L.Ed. 327; Porter v. Sabin, 1893, 149 U.S. 473, 479, 13 S.Ct. 1008, 37 L.Ed. 815; 8 Collier, Bankruptcy (Moore's ed. 1941) 1242; 7 Remington, Bankruptcy (1939 ed.) 263.

■ Here the property described in the mortgage was in the possession of the court, United States v. Sykes, 9 Cir., 1930, 44 F.2d 334, 336, and the bank's claim against the property was known to the court. The proceeds from sale of the property are claimed for distribution under the arrangement if, as the receiver contends, the mortgage is invalid. The court could not properly distribute the property "without making inquiry into the relative rights of the conflicting claimants." In re Kalnitzsky, supra, D.C., 285 F. 649, affirmed 2 Cir., 285 F. 652.

■ "Jurisdiction is authority to decide the case either way." The Fair v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716; The Resolute, 1897, 168 U.S. 437, 439, 18 S.Ct. 112, 42 L.Ed. 533. The bankruptcy court had such authority over this controversy. Mangus v. Miller, 1942, 317 U.S. 178, 63 S.Ct. 182, 87 L.Ed. 169; Kalb v. Feuerstein, 1940, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370; cf. Isaacs v. Hobbs Tie & Timber Co., 1931, 282 U.S. 734, 737, 51 S.Ct. 270, 75 L.Ed. 645.

The bank next questions the power of the receiver to challenge the validity of the mortgage. Section 2, sub. a(3) of the Act empowers the bankruptcy court to appoint receivers and to authorize such receivers "to commence and prosecute any suit or proceeding in behalf of the estate, before any judicial, legislative, or administrative tribunal in any jurisdiction, until the petition is dismissed or the trustee is

qualified: *Provided, however,* That the court shall be satisfied that such appointment or authorization is necessary to preserve the estate or to prevent loss thereto." 11 U.S.C.A. § 11, sub. a(3).

Section 302, 11 U.S.C.A. § 702, incorporates the provisions of Chapters I to VII, inclusive, into Chapter XI, insofar as they are not inconsistent with the provisions of Chapter XI. Under § 2, sub. a(3) a receiver has been authorized to avoid a transfer made by the bankrupt, Maynor v. Schaefer, 1943, 244 Ala. 111, 11 So.2d 846, and to avoid a mortgage invalid as against creditors. McGlue v. Loudon, 1925, 251 Mass. 173, 146 N.E. 255. Thus when the bankruptcy court is "satisfied that such * * * authorization is necessary to preserve the estate or to prevent loss thereto," the receiver may be afforded the remedies of the trustee under § 70, subs. c, e, 11 U.S.C.A. § 110, subs. c, e. See 4 Collier, Bankruptcy (Moore's ed. 1942) 1493; cf. Moore v. Bay, 1931, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198. This view as to the scope of powers authorized to be conferred upon receivers finds support in § 23, 11 U.S.C. A. § 46, providing for jurisdiction of actions by receivers; in § 11, sub. e, 11 U.S. C.A. § 29, sub. e, providing for time limitation on suits by receivers; and in § 48, sub. a(2), 11 U.S.C.A. § 76, sub. a(2), providing for compensation of receivers performing other than custodial duties.

▪ The exercise by receivers of the powers authorized in § 2, sub. a(3) of the Act are not inconsistent with the provisions of Chapter XI. Indeed, in Chapter XI proceedings the necessity for arming a receiver with the trustee's remedies under § 70, subs. c, e, is greater than in ordinary bankruptcy. In Chapter XI there is no provision for the appointment of a trustee unless the arrangement fails. § 378(1, 2), 11 U.S.C.A. § 778(1, 2). So fraudulent and void transfers might go unchallenged if the remedies available to a trustee under § 70, subs. c, e, could not be imparted to the receiver in the absence of a trustee. Manifestly such a result would not be in keeping with the policy of the statute to protect unsecured creditors, Moore v. Bay, supra, 284 U.S. 4, 52 S.Ct. 3—the only creditors affected by an arrangement under Chapter XI. See Security and Exchange Commission v. U. S. Realty Co., 1940, 310 U.S. 434, 452, 60 S.Ct. 1044, 84 L.Ed. 1293.

▪ The bank contends that in any event the showing of necessity required by the proviso to § 2, sub. a(3) was not made in the proceedings at bar. But it was the receiver himself who petitioned the referee to order the bank to show what lien, if any, it had on the property in controversy, and the referee's ensuing order directing the bank to appear and show cause recites that the order was issued upon "good cause appearing therefor." Implicit in that quoted clause, and in the very issuance of the order itself, is a finding of necessity and authorization to the receiver to proceed. Such authorization by the court mitigates danger that the receiver might act improvidently, and that is the danger against which the quoted proviso to § 2, sub. a(3) was directed. See 4 Collier, Bankruptcy (Moore's ed. 1942) 1493.

Turning now to the merits of the controversy, the mortgage was executed October 9th, acknowledged October 10th, received by the County Recorder October 14th, and "recorded" October 24th upon receipt of the recording fees. The bank contends that in legal effect the mortgage was recorded when deposited with the County Recorder for that purpose on October 14, 1947.

Section 4141 of California's Political Code permits a recorder to defer recordation of an instrument until the recording fees are paid or tendered. Upon receipt of the mortgage in question, the County Recorder mailed the bank a bill for recording fees and placed the instrument in a "hold" file. Not until he had received payment of the requisite fees did the recorder endorse the mortgage "Recorded" and index it; i. e., enter the instrument as a public record. By billing the bank and placing the mortgage in a "hold" file, the recorder thus refused to record the mortgage at bar until after the recording fees had been paid.

1017

Section 1170 of the Civil Code of California provides that a duly acknowledged instrument is "deemed to be recorded when * * * it is deposited in the recorder's office, with the proper officer, for record." That section applies where the person requesting recordation has done all the law requires of him. Meherin v. Oaks, 1885, 67 Cal. 57, 7 P. 47. But where the recording fees have not been paid when the recorder receives a mortgage to be recorded, mere deposit of the instrument for recordation is held not to constitute recording under Cal.Civ.Code, § 1170. Eckhardt v. Morley, 1934, 220 Cal. 229, 30 P.2d 423; Dougery v. Bettencourt, 1932, 214 Cal. 455, 6 P.2d 499. The mortgage in the case at bar was not recorded therefore until October 24, 1947.

Section 2957 of California's Civil Code provides that a chattel mortgage is "void as against creditors" if not recorded. Since recordation takes the place of "immediate delivery, and * * * change of possession" required by Cal.Civ. Code, § 3440, a mortgage must be recorded as soon after execution as practicable in order to be valid as against creditors. Wolpert v. Gripton, 1931, 213 Cal. 474, 2 P.2d 767; Ruggles v. Cannedy, 1898, 127 Cal. 290, 53 P. 911, 59 P. 827, 46 L.R.A. 371. Unreasonable delay in recordation will void a mortgage even as against existing creditors. Noyes v. Bank of Italy, 1929, 206 Cal. 266, 274 P. 68.

In the proceedings at bar, there were existing creditors of the mortgagor whose claims remained unpaid at the filing of the involuntary petition in bankruptcy. The bank delayed recordation of the mortgage for 14 days from the time of execution. cf. Hinkel v. Crowson, 1927, 83 Cal.App. 87, 256 P. 479, 482. Such a delay is unreasonable. Williams v. Belling, 1926, 76 Cal.App. 610, 245 P. 455. Furthermore the description in the mortgage of the chattels intended to be covered is insufficient for identification. See Pace v. Threewit, 1939, 31 Cal.App.2d 509, 88 P.2d 247; Pacific States Savings & Loan Co. v. Hoffman, 1933, 134 Cal.App. 604, 25 P.2d 1007. Hence the mortgage is void as to attaching creditors, Noyes v.

Bank of Italy, supra, 206 Cal. 266, 274 P. 68, and the receiver may assert its invalidity. Moore v. Bay, supra, 284 U.S. 4, 5, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198; Swift v. Higgins, 9 Cir., 1934, 72 F.2d 791.

Having concluded (1) that the referee had jurisdiction to determine known conflicting claims to property in the possession of the bankruptcy court, and hence of the controversy over the validity of the mortgage; (2) that the receiver was authorized by the court to institute the proceeding at bar to determine the validity of the mortgage; and (3) that the mortgage is invalid as against the receiver and general creditors because of insufficiency of description and unreasonable delay in recordation; it follows that both orders of the referee under review must be confirmed. Bankruptcy Act § 2, sub. a(10), 11 U.S.C.A. § 11, sub. a(10)